UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                           Case No. 10-20403

v.                                                            Honorable Nancy G. Edmunds

BOBBY W. FERGUSON (D-2),

    Defendant-Petitioner.
                                          /

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [627]**

On February 27, 2018, the Court entered an Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. # 624). This matter is now before the Court on Defendant-Petitioner Bobby W. Ferguson's motion for reconsideration filed on March 29, 2018. (Dkt. # 627). Defendant argues that the Court failed to liberally construe his 2255 motion and misapprehended his claims related to jury instructions and sentencing errors. For the reasons set forth below, the Court DENIES Defendant's motion.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate

a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Defendant's motion for reconsideration is untimely under Rule 7.1(h) because it was filed more than fourteen days after this Court's Order and Judgment.

Defendant also cites Rule 59(e) of the Federal Rules of Civil Procedure, which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion is not subject to the strict procedural requirements imposed on second or successive habeas petitions." *Howard v. United States*, 533 F.3d 472, 473 (6th Cir. 2008). "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Id.* at 475 (internal quotation marks and citations omitted). However, a defendant may not use a Rule 59(e) motion to present new arguments that could have been raised prior to judgment. *Id.* "Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." *Id.* (internal quotation marks and citations omitted).

Defendant's motion for reconsideration was timely filed under Rule 59(e). Defendant is correct that the Court did not analyze his jury instructions claim as an ineffective assistance of counsel claim. Accordingly, the Court will now consider it. Defendant argues that Defense Counsel was ineffective because Defense Counsel failed to challenge the Court's jury instructions under the color of official right theory of extortion, and failed to request additional jury instructions under the wrongful fear of economic harm theory of extortion.

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test to show ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.* "There is a strong presumption that legal counsel is competent. *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The defendant bears the burden of showing that counsel was so deficient and that prejudice resulted from counsel's errors. *Id.* at 686-87.

Defendant argues that Defense Counsel was ineffective for failing to request that the Court properly define the term "official act." Even assuming, *arguendo*, that Defense

Counsel's performance was deficient in this regard, Defendant cannot show that, but for this failure to request a definition of "official act," the result of the trial would have been different.  As the Court noted in its February 28, 2018 Order, on the jury verdict form, the jury specified that it had found beyond a reasonable doubt that all of Defendant's extortion convictions rested on a wrongful fear of economic harm theory (either exclusively or in addition to also resting on a color of official right theory).  *See* Dkt. # 277.

Defendant next argues that "because the evidence at trial did not establish any *quid pro quo*, counsel was also deficient for failing to request a jury instruction to challenge the fear of economic harm theory." (Dkt. # 627, Pg ID 17855).  According to Defendant, "had counsel advocated that there was no *quid pro quo* to establish the theory of Official Right, then at the close of evidence requested an instruction to the jury to consider the defense that any alleged payment was something contemplated by the contractors as a negotiable means of obtaining an economic gain through projects that would include additional awards for millions of dollars to off-set such payments, the outcome of the trial would have been different."  *Id.* at Pg ID 17856.

That is precisely what Defense Counsel argued during closing argument—that the contractors made payments for economic gain and were not actually in fear of economic harm.  *See, e.g.*, Dkt. # 407, Pg ID 14522-24, 14531; Dkt. # 408, Pg ID 14698, 14723-24, 14729.  Defense Counsel vigorously challenged the Government's wrongful fear of economic harm theory.  Even assuming, *arguendo,* that Defense Counsel's performance was deficient for failing to request additional jury instructions regarding the wrongful fear of economic harm theory of extortion, Defendant has not shown that, but for this failure, the result of the trial would have been different.  As the Court noted in its February 27, 2018

4

Order, its instructions to the jury regarding the wrongful fear of economic harm theory were not overly expansive or vague. See Dkt. # 406, Pg ID 14420-24. The Court specifically instructed that "[e]xtortion through use of fear of economic harm is the obtaining of money or property from another person with that person's consent *when the consent is brought about through the wrongful use of fear of economic harm to the person or his business unless the person turns over the money or property*," which sufficiently differentiated extortion from bribery through a definition that excludes a case in which the victim faces no increased risk if he does not pay, but rather, stands only to improve his lot by paying the defendant. See id. at Pg ID 14423 (emphasis added); *United States v. Collins*, 78 F.3d 1021, 1030 (6th Cir. 1996).

Lastly, Defendant argues that the Court misapprehended his claim that Defense Counsel was ineffective for failing to raise sentencing guidelines errors on appeal. Defendant maintains that his argument "is based on appeallate [sic] counsel's failure to raise this Court's error in using the amount allegedly gained by the defendants to calculate the total amount of restitution awarded to Detroit Water and Sewerage Department." (Dkt. # 627, Pg ID 17858). The Court finds that Defendant merely re-hashes the same argument that he already raised in his 2255 motion and that this Court already considered and rejected in its February 27, 2018 Order. See Dkt. # 624, Pg ID 17834-36. A motion for reconsideration is not a vehicle to re-hash old arguments. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The Court notes again that Defendant's claim fails because his sentencing guideline calculation did not depend on any restitution obligation such that it would be necessary to calculate "actual loss." Defendant's extortion sentencing guidelines were calculated under

5

U.S.S.G. § 2C1.1(b)(2), which required Defendant's offense level to increase based on "the value of anything obtained or to be obtained by a public official or others acting with a public official." This covered Defendant's profits on the contracts that Kwame Kilpatrick, a public official, improperly steered to Defendant as part of their extortion scheme. Accordingly, this Court concluded in its February 27, 2018 Order that Defendant cannot show that Defense Counsel's performance was constitutionally deficient for failure to raise sentencing guideline errors on appeal because such a claim would have been without merit.

For the reasons set forth above,

The Court hereby DENIES Defendant-Petitioner Bobby W. Ferguson's motion for reconsideration (Dkt. # 627).

SO ORDERED.

                                                    S/Nancy G. Edmunds
                                                    Nancy G. Edmunds
                                                    United States District Judge

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2018, by electronic and/or ordinary mail.

                                                      s/Lisa Bartlett
                                                    Case Manager