**EXHIBIT 2**

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 1

Judgment-Page 1 of 9

# United States District Court
### Eastern District of Michigan

| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| BOBBY W. FERGUSON | Case Number: 10CR20403-2 |
| | USM Number: 44950-0399 |
| [AKA: Ferguson, Bobby Wesley] | |
| | Gerald K. Evelyn, Michael A. Rataj, Susan W. Van Dusen |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Was found guilty on count(s) **1ss, 2ss, 3ss, 4ss, 5ss, 7ss, 8ss, 9ss and 17ss of the Fourth Superseding Indictment** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 9** of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984

■ The defendant has been found not guilty on count(s) **10ss and 16ss of the Fourth Superseding Indictment**.

■ Count(s) **6ss of the Fourth Superseding Indictment** no verdict.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

OCTOBER 11, 2013
Date of Imposition of Judgment

s/Nancy G. Edmunds
United States District Judge

JANUARY 15, 2014
Date Signed

Judgment-Page 2 of 9

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Racketeering Conspiracy, a Class C Felony | 2009 | 1ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Sewer Lining Contract, a Class C Felony | 2006 | 2ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Amendment to Sewer Lining Contract, a Class C Felony | 2005 | 3ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Baby Creek/Patton Park, a Class C Felony | 2008 | 4ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Attempted Extortion- Oakwood Pump Station, a Class C Felony | 2007 | 5ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Outfalls Contract, a Class C Felony | 2005 | 7ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Asbestos Abatement, a Class C Felony | 2007 | 8ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Repair of Eastside Water Mains, a Class C Felony | 2008 | 9ss |
| 18 U.S.C. §§ 666(a) and 666(a)(B)(2) | Bribery Concerning Programs Receiving Federal Funds- $75,000.00 Bribe, a Class C Felony | 2008 | 17ss |

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **252 MONTHS. Counts 1ss, 2ss, 3ss, 4ss, 5ss, 7ss, 8ss, and 9ss: (Fourth Superseding Indictment) 240 months on each count, to run concurrently.**

**Count 17ss: (Fourth Superseding Indictment) 12 months to run consective to all other counts.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

Case 2:10-cr-20403-NGE-MKM ECF No. 674-3, PageID.18616 Filed 03/30/21 Page 5 of 14

AO245B (Rev. 09/08) Judgment in a Criminal Case
Case 2:10-cr-20403-NGE-MKM ECF No. 519, PageID.16477 Filed 01/15/14 Page 4 of 13
Sheet 3- Supervised Release

Judgment-Page 4 of 9

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS on each count, to run concurrently.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state or local crime.

    If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

AO245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment-Page 5 of 9

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

## SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the: **restitution, special assessment** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■ The defendant shall provide the probation officer access to any requested financial information.

**The defendant shall participate in a program approved by the probation department for anger management, if necessary.**

**The defendant shall refrain from the excessive use of alcohol.**

AO245B (Rev. 12/03) Judgment in a Criminal Case
Case 2:10-cr-20403-NGE-MKM ECF No. 519, PageID.16479 Filed 01/15/14 Page 6 of 13
Sheet 5 - Criminal Monetary Penalties

Judgment-Page 6 of 9

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 900.00 | $ 0.00 | $ 6,284,000.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Detroit Water & Sewerage Department | $6,284,000.00 | $6,284,000.00 | |
| **TOTALS:** | $ 6,284,000.00 | $ 6,284,000.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B (Rev. 2/08) Judgment in a Criminal Case
Sheet 5A - Criminal Monetary Penalties

Judgment-Page 7 of 9

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources.

Case 2:10-cr-20403-NGE-MKM ECF No. 674-3, PageID.18620 Filed 03/30/21 Page 9 of 14

AO245B (Rev. 09/08) Judgment in a Criminal Case
Case 2:10-cr-20403-NGE-MKM ECF No. 519, PageID.16481 Filed 01/15/14 Page 8 of 13
Sheet 6 - Schedule of Payments

Judgment-Page 8 of 9

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$900.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

| **Case Number**<br>**Defendant and Co-Defendant Names**<br>**(including defendant number)** | **Total Amount** | **Joint and Several Amount** | **Corresponding Payee, if appropriate** |
|---|---|---|---|
| 10-20403-1<br>Kwame Kilpatrick | $4,534,423.00 | $4,534,423.00 | |

The defendant shall forfeit the defendant's interest in the following property to the United States:

    **See detail list attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment-Page 9 of 9

DEFENDANT: BOBBY W. FERGUSON
CASE NUMBER: 10CR20403-2

## ADDITIONAL FORFEITED PROPERTY

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 1963, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), defendant shall forfeit to the United States the following property as there is a substantial nexus between the property and defendant's violations: "SEE ATTACHED"

# FORFEITURE LANGUAGE FOR INCLUSION IN THE JUDGMENT

### U.S. V. BOBBY W. FERGUSON, Case No. 10-cr-20403

**Forfeiture.**

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 1963, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), defendant shall forfeit to the United States the following property as there is a substantial nexus between the property and defendant's violations:

**A.  EQUIPMENT**
1) Caterpillar Inc. Excavator, Model 313BSR, Serial Number: 9PR00381;
2) Caterpillar Inc. Articulated Truck, Model D350EII, Serial Number: 02XW00157;
3) Caterpillar Inc. Medium TTT, Model D5MLGP, Serial Number: 3CR01244;
4) Caterpillar Inc. Track Excavator, Model 330 CLCQG, Serial Number: DKY00724;
5) Caterpillar Inc. Skid Steer Loader, Model 216, Serial Number: 4NZ02280;
6) Caterpillar Inc. Skid Steer Loader, Model 226, Serial Number: 5FZ01246;
7) Caterpillar Inc. Skid Steer Loader, Model 216C, Serial Number: 4NZ04400;
8) Caterpillar Inc. Articulated Truck, Model D350EII, Serial Number: 02XW00162;
9) Caterpillar 314 Excavator, Model 314CLCRHQ, Serial Number: PCA01039;
10) Caterpillar Excavator, Model 345 BL, Serial Number: 4SS01551;
11) Caterpillar Excavator, Model 330BL, Serial Number: 6DR03990;
12) Caterpillar Model IT38GII, Serial Number: CSX00680;
13) Caterpillar Inc. Skid Steer Loader, Model 216C, Serial Number: 4NZ04971;
14) Caterpillar Inc. Skid Steer Loader, Model 226, Serial Number:

5FZ00627;
15) Caterpillar Backhoe Loader, Model 420DC4XE, Serial Number: FDP05060;
16) Caterpillar Track Excavator, Model 321C LCR, Serial Number: MCF00496;

B. **CURRENCY AND MONETARY INSTRUMENTS**
1) Ten Thousand Dollars ($10,000.00) in U.S. Currency from Merrill Lynch Account Number 689-29664 in the name of Bobby Ferguson;
2) Twenty Thousand Dollars ($20,000.00) in U.S. Currency from Merrill Lynch Account Number 689-29665 in the name of Bobby Ferguson;
3) Thirty Five Thousand Eight Hundred Sixty Dollars ($35,860.00) in U.S. Currency from Merrill Lynch Account Number 689-29666 in the name of Bobby Ferguson;
4) Thirty Five Thousand Eight Hundred Sixty Dollars and Twenty Three Cents ($35,860.23) in U.S. Currency from Merrill Lynch Account Number 689-29667 in the name of Bobby Ferguson;
5) Twenty Five Thousand Dollars ($25,000.00) in U.S. Currency from the liquidation of First Independence Bank Cashier's Check Number 16533, dated March 30, 2007, in the amount of $25,000.00, payable to Bobby Ferguson;
6) Fifty Thousand Dollars ($50,000.00) in U.S. Currency from the liquidation of First Independence Bank Cashier's Check Number 15916, dated May 19, 2006, in the amount of $50,000.00, payable to Bobby Ferguson;
7) One Hundred Thousand Dollars ($100,000.00) in U.S. Currency from the liquidation of PNC Bank Cashier's Check Number 133620, dated November 16, 2010, in the amount of $100,000.00, payable to Bobby W. Ferguson;
8) One Hundred Thousand Dollars ($100,000.00) in U.S. Currency from the liquidation of PNC Bank Cashier's Check Number 133621, dated November 16, 2010, in the amount of $100,000.00, payable to Bobby W. Ferguson;
9) Sixty Thousand Dollars ($60,000.00) in U.S. Currency from the liquidation of PNC Bank Cashier's Check Number 288201, dated January 19, 2011, in the amount of $60,000.00, payable to LaCresha A. Borgus;
10) Twenty Two Thousand Four Hundred Three Dollars and Forty Five Cents ($22,403.45) in U.S. Currency from Fifth Third Bank Account Number 7914058479 in the name of G.B. Utilities;

11) One Thousand Five Hundred Fifteen Dollars and Eighty Six Cents ($1,515.86) from Charter One Bank Account Number 4512083005 in the name of Four Children Enterprises, LLC;

C. **REAL PROPERTY**

1) Real property located at 18944 Bretton Drive, Detroit, Michigan, and being more fully described as:
Lot 1791, Rosedale Park No. 2, as recorded in Liber 40 on Page 46 of Plats, Wayne County Records.
Commonly known as: 18944 Bretton Drive, Detroit, Michigan.
Tax Parcel ID: Ward Number 27, Item Number 061328 and
Ward Number 22, Item Number 011845

2) Real property located at 1001 W. Jefferson, Suite 5I (also known as 300 Riverfront, Suite 5I), Detroit, Wayne County, Michigan being more fully described as:
Unit 47, RIVERFRONT TOWERS, a Condominium according to the Master Deed recorded in Liber 41783, Pages 152 through 262, both inclusive, Wayne County Records, and described as Wayne County Condominium Subdivision Plan No. 813, as amended by First Amendment to Master Deed recorded in Liber 42595, pages 81 through 110, both inclusive, and by Second Amendment to Master Deed recorded in Liber 43421, pages 1 through 30, both inclusive, and by Third Amendment to Master Deed recorded in Liber 43914, Pages 221 through 236, both inclusive, and by Fourth Amendment to Master Deed recorded in Liber 44757, Pages 105 through 131, both inclusive, together with an undivided interest in the common elements of said condominium as set forth in said Master Deed, as amended, and as described in Act 59 of the Public Acts of Michigan of 1978, as amended.
Commonly known as: 1001 W. Jefferson, Suite 5I, also known as 300 Riverfront, Suite 5I, Detroit, Michigan
Tax Parcel ID: Ward 06, Item 000002.047

The property and assets listed above are referred to hereinafter as the "Subject Property."

**Money Judgments**. Defendant shall also forfeit and pay the total amount of $6,284,000.00, in favor of the United States of America, as such amount constitutes the amount of proceeds obtained as a result of defendant's violations of Counts One (18 U.S.C. § 1962(d)), Two, Three and Four (18 U.S.C. § 1951), and Seven and Nine (18 U.S.C. § 1951) of the Fourth Superseding Indictment. The forfeiture money judgments are listed for each Count as follows:

| Count | Amount |
|---|---|
| Count 1 | $6,284,000.00 |
| Counts 2 & 3 | $2,082,000.00 |
| Count 4 | $1,349,000.00 |
| Count 7 | $1,700,000.00 |
| Count 9 | $1,153,000.00 |

The amounts owed under the money judgments are concurrent to one another such that the total amount to be paid by defendant to the United States is $6,284,000.00.

After the Preliminary Order of Forfeiture as to defendant becomes final and the Subject Property set forth above has been finally forfeited to the United States, the proceeds resulting from the forfeiture of the Subject Property shall be applied to reduce the amount owed by defendant on his obligation to forfeit and pay $6,284,000.00 in forfeiture money judgments.

Defendant is jointly and severally liable to pay the money judgments with his co-defendant.