# UNITED STATES DISTRICT COURT
### Eastern District of Michigan

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Bobby W. Ferguson aka Ferguson, Bobby Wesley | ) | Case Number: 0645 2:10CR20403 (2) |
| | ) | USM Number: 44950-0399 |
| Date of Original Judgment: 01/15/2014 | ) | Michael A. Rataj |
| (Or Date of Last Amended Judgment) | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1ss, 2,ss, 3ss, 4ss, 5ss, 7ss, 8ss, 9ss, and 17ss of Fourth Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Racketeering Conspiracy, a Class C Felony | 2009 | 1ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion - Sewer Lining Contract, a Class C Felony | 2006 | 2ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion Amendment to Sewer Lining Contract, a Class C Felony | 2005 | 3ss |

The defendant is sentenced as provided in pages 2 through   10   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   10ss and 16ss of Fourth Superseding Indicment

☑ Count(s)   6ss of 4th SS Indictment - No Verdict   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 29, 2021
Date of Imposition of Judgment

s/Nancy G. Edmunds
Signature of Judge

Nancy G. Edmunds, U.S. District Judge
Name and Title of Judge

April 29, 2021
Date

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 1A
Case 2:10-cr-20403-NGE-MKM ECF No. 683, PageID.18846 Filed 04/29/21 Page 2 of 14
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 10

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion - Baby Creek/Patton Park, a Class C Felony | 2008 | 4ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Attempted Extortion - Oakwood Pump Station, a Class C Felony | 2007 | 5ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion - Outfalls Contract, a Class C Felony | 2005 | 7ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion - Asbestos Abatement, a Class C Felony | 2007 | 8ss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion - Repair of Eastside Water Mains, A Class C Felony | 2008 | 9ss |
| 18 U.S.C. §§ 666(a) and 666(a)(B)(2) | Bribery Concerning Programs Receiving Federal Funds - $75,000.00 Bribe, a Class C Felony | 2008 | 17ss |

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

*Time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Three (3) years on each count, to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - [✓] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. [ ] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. [✓] You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. [ ] You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

AO 245C (Rev. 09/19) — Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
Case 2:10-cr-20403-NGE-MKM ECF No. 683, PageID.18850 Filed 04/29/21 Page 6 of 14
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

Judgment—Page 6 of 10

# SPECIAL CONDITIONS OF SUPERVISION

☐ The defendant shall participate in the home confinement program for a period of _____.
  ☐ The cost of electronic monitoring is waived.

☑ The defendant shall make monthly payments on any remaining balance of the:
  ☑ restitution,   ☐ fine,   ☑ special assessement
  at a rate and schedule recommended by the Probation Department and approved by the Court.

☑ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer
  , unless the defendant is in compliance with the payment schedule.

☑ The defendant shall provide the probation officer access to any requested financial information.

☐ The defendant shall participate in a program approved by the Probation Department for mental health counseling.
  ☐ If necessary.

☐ The defendant shall participate in a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
  ☐ If necessary.

**Additional Terms of Special Conditions:**

The defendant shall participate in a program approved by the probation department for anger management, if necessary.

The defendant shall refrain from excessive use of alcohol.

*1. Unless the defendant has been in a segregated special unit for high-risk prisoners for more than 14 days where no inmate has tested positive or shown symptoms of COVID-19 within the past 14 days, he Court orders Defendant to self-quarantine within his home for 14 days upon his release.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Case 2:10-cr-20403-NGE-MKM ECF No. 683, PageID.18851 Filed 04/29/21 Page 7 of 14

Judgment — Page 7 of 10

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution     | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-----------------|------|------------------|-------------------|
| TOTALS | $ 900.00   | $ 6,284,000.00  | $    | $                | $                 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Detroit Water & Sewerage Department | | $6,284,000.00 | |

| TOTALS | $ 6,284,000.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Case 2:10-cr-20403-NGE-MKM  ECF No. 683, PageID.18852  Filed 04/29/21  Page 8 of 14
Sheet 5 A — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 8 of 10

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 2:10-cr-20403-NGE-MKM ECF No. 683, PageID.18853 Filed 04/29/21 Page 9 of 14
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 9 of 10

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley
CASE NUMBER: 0645 2:10CR20403 (2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ 900.00 due immediately, balance due

　　☐ not later than _____ , or
　　☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| 10-20403-1<br>Kwame Kilpatrick | 4,534,423.00 | 4,534,423.00 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
　　See detailed list attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: Bobby W. Ferguson aka Ferguson, Bobby Wesley  
CASE NUMBER: 0645 2:10CR20403 (2)

## ADDITIONAL FORFEITED PROPERTY

Pursuant to Fed.R.Crim P.32.2, 18 U.S.C. § 1963, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), defendant shall forfeit to the United States the following property as there is a substantial nexus between the property and defendant's violations "SEE ATTACHED"

**FORFEITURE LANGUAGE FOR
INCLUSION IN THE JUDGMENT**

<u>**U.S. V. BOBBY W. FERGUSON**</u> **, Case No.** 10-cr-20403

<u>**Forfeiture**</u>.

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 1963, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), defendant shall forfeit to the United States the following property as there is a substantial nexus between the property and defendant's violations:

**A.** <u>**EQUIPMENT**</u>
1) Caterpillar Inc. Excavator, Model 313BSR, Serial Number: 9PR00381;
2) Caterpillar Inc. Articulated Truck, Model D350EII, Serial Number: 02XW00157;
3) Caterpillar Inc. Medium TTT, Model D5MLGP, Serial Number: 3CR01244;
4) Caterpillar Inc. Track Excavator, Model 330 CLCQG, Serial Number: DKY00724;
5) Caterpillar Inc. Skid Steer Loader, Model 216, Serial Number: 4NZ02280;
6) Caterpillar Inc. Skid Steer Loader, Model 226, Serial Number: 5FZ01246;
7) Caterpillar Inc. Skid Steer Loader, Model 216C, Serial Number: 4NZ04400;
8) Caterpillar Inc. Articulated Truck, Model D350EII, Serial Number: 02XW00162;
9) Caterpillar 314 Excavator, Model 314CLCRHQ, Serial Number: PCA01039;
10) Caterpillar Excavator, Model 345 BL, Serial Number: 4SS01551;
11) Caterpillar Excavator, Model 330BL, Serial Number: 6DR03990;
12) Caterpillar Model IT38GII, Serial Number: CSX00680;
13) Caterpillar Inc. Skid Steer Loader, Model 216C, Serial Number: 4NZ04971;
14) Caterpillar Inc. Skid Steer Loader, Model 226, Serial Number:

       5FZ00627;
15) Caterpillar Backhoe Loader, Model 420DC4XE, Serial Number: FDP05060;
16) Caterpillar Track Excavator, Model 321C LCR, Serial Number: MCF00496;

**B.** **CURRENCY AND MONETARY INSTRUMENTS**
1) Ten Thousand Dollars ($10,000.00) in U.S. Currency from Merrill Lynch Account Number 689-29664 in the name of Bobby Ferguson;
2) Twenty Thousand Dollars ($20,000.00) in U.S. Currency from Merrill Lynch Account Number 689-29665 in the name of Bobby Ferguson;
3) Thirty Five Thousand Eight Hundred Sixty Dollars ($35,860.00) in U.S. Currency from Merrill Lynch Account Number 689-29666 in the name of Bobby Ferguson;
4) Thirty Five Thousand Eight Hundred Sixty Dollars and Twenty Three Cents ($35,860.23) in U.S. Currency from Merrill Lynch Account Number 689-29667 in the name of Bobby Ferguson;
5) Twenty Five Thousand Dollars ($25,000.00) in U.S. Currency from the liquidation of First Independence Bank Cashier's Check Number 16533, dated March 30, 2007, in the amount of $25,000.00, payable to Bobby Ferguson;
6) Fifty Thousand Dollars ($50,000.00) in U.S. Currency from the liquidation of First Independence Bank Cashier's Check Number 15916, dated May 19, 2006, in the amount of $50,000.00, payable to Bobby Ferguson;
7) One Hundred Thousand Dollars ($100,000.00) in U.S. Currency from the liquidation of PNC Bank Cashier's Check Number 133620, dated November 16, 2010, in the amount of $100,000.00, payable to Bobby W. Ferguson;
8) One Hundred Thousand Dollars ($100,000.00) in U.S. Currency from the liquidation of PNC Bank Cashier's Check Number 133621, dated November 16, 2010, in the amount of $100,000.00, payable to Bobby W. Ferguson;
9) Sixty Thousand Dollars ($60,000.00) in U.S. Currency from the liquidation of PNC Bank Cashier's Check Number 288201, dated January 19, 2011, in the amount of $60,000.00, payable to LaCresha A. Borgus;
10) Twenty Two Thousand Four Hundred Three Dollars and Forty Five Cents ($22,403.45) in U.S. Currency from Fifth Third Bank Account Number 7914058479 in the name of G.B. Utilities;

    11)    One Thousand Five Hundred Fifteen Dollars and Eighty Six Cents ($1,515.86) from Charter One Bank Account Number 4512083005 in the name of Four Children Enterprises, LLC;

**C.**    <u>**REAL PROPERTY**</u>

    1)    Real property located at 18944 Bretton Drive, Detroit, Michigan, and being more fully described as:
Lot 1791, Rosedale Park No. 2, as recorded in Liber 40 on Page 46 of Plats, Wayne County Records.
Commonly known as: 18944 Bretton Drive, Detroit, Michigan.
Tax Parcel ID: Ward Number 27, Item Number 061328 and
                      Ward Number 22, Item Number 011845

    2)    Real property located at 1001 W. Jefferson, Suite 5I (also known as 300 Riverfront, Suite 5I), Detroit, Wayne County, Michigan being more fully described as:
Unit 47, RIVERFRONT TOWERS, a Condominium according to the Master Deed recorded in Liber 41783, Pages 152 through 262, both inclusive, Wayne County Records, and described as Wayne County Condominium Subdivision Plan No. 813, as amended by First Amendment to Master Deed recorded in Liber 42595, pages 81 through 110, both inclusive, and by Second Amendment to Master Deed recorded in Liber 43421, pages 1 through 30, both inclusive, and by Third Amendment to Master Deed recorded in Liber 43914, Pages 221 through 236, both inclusive, and by Fourth Amendment to Master Deed recorded in Liber 44757, Pages 105 through 131, both inclusive, together with an undivided interest in the common elements of said condominium as set forth in said Master Deed, as amended, and as described in Act 59 of the Public Acts of Michigan of 1978, as amended.
Commonly known as: 1001 W. Jefferson, Suite 5I, also known as 300 Riverfront, Suite 5I, Detroit, Michigan
Tax Parcel ID: Ward 06, Item 000002.047

The property and assets listed above are referred to hereinafter as the "Subject Property."

**Money Judgments**.  Defendant shall also forfeit and pay the total amount of $6,284,000.00, in favor of the United States of America, as such amount constitutes the amount of proceeds obtained as a result of defendant's violations of Counts One (18 U.S.C. § 1962(d)), Two, Three and Four (18 U.S.C. § 1951), and Seven and Nine (18 U.S.C. § 1951) of the Fourth Superseding Indictment.  The forfeiture money judgments are listed for each Count as follows:

| Count | Amount |
|---|---|
| Count 1 | $6,284,000.00 |
| Counts 2 & 3 | $2,082,000.00 |
| Count 4 | $1,349,000.00 |
| Count 7 | $1,700,000.00 |
| Count 9 | $1,153,000.00 |

The amounts owed under the money judgments are concurrent to one another such that the total amount to be paid by defendant to the United States is $6,284,000.00.

After the Preliminary Order of Forfeiture as to defendant becomes final and the Subject Property set forth above has been finally forfeited to the United States, the proceeds resulting from the forfeiture of the Subject Property shall be applied to reduce the amount owed by defendant on his obligation to forfeit and pay $6,284,000.00 in forfeiture money judgments.

Defendant is jointly and severally liable to pay the money judgments with his co-defendant.