IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(Southern Division)

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

POOR QUALITY ORIGINAL Case No.: 10-20403

BOBBY W. FERGUSON (D-2),

      Defendant.

_____/

## MOTION TO TERMINATE REMAINDER OF SUPERVISED RELEASE

**NOW COMES,** Defendant, Bobby W. Ferguson ("Ferguson"), acting pro-se, and pursuant to 18 U.S.C. Section 3583(e)(l), moves the Court to terminate the remainder of his term of supervised release. In support, the following is respectfully submit:

### I. PROCEDURAL HISTORY

On March 11, 2013, a jury found Ferguson guilty of the following nine of the eleven counts charged: (1) RICO conspiracy, contrary to 18 U.S.C. Section 1962(d); (2-7) six counts of extortion, contrary to 18 U.S.C. Section 1951; (8) attempted extortion, contrary to 18 U.S.C. Section 1951; and (9) bribery, contrary to 18 U.S.C. Section 666(a). see (ECF No. @277). The Court imposed a sentence of 252 months. (ECF No 519). The Court also ordered Ferguson to pay restitution to the Detroit Water & Sewerage Department in the amount of $6,284,000.00. Id. @ PID 16479. The Court's judgment was affirmed by the Sixth Circuit Court of Appeals, and certiorari was denied by the Supreme Court. (ECF Nos. 570, 575). Ferguson filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. Section 2255, which was denied by the Court without a hearing. (ECF No. 624).

Subsequently, under the First Step Act of 2018, 18 U.S.C. Section 3582(c)(1)(A), Ferguson filed a motion to reduce his sentence. see United States v. Ferguson, 536 F. Supp.3d

139 (E.D. Mich. 2021).    That motion was granted on April 29, 2021.  Id.   Some of the Court's factual findings and legal conclusions are relevant to this action and set forth below.

## II.    RELEVANT FACTS

Specifically, the Court conducted the requisite three part inquiry: (1) that extraordinary and compelling reasons existed; (2) that a reduction was consistent with the applicable policy statements issued by the Sentencing Commission, which, however, the Court held was not applicable and (3) that the sentencing factors under 18 U.S.C. Section 3553(a), supported a reduction of Ferguson's sentence.  see Ferguson, 536 F. Supp. 3d @ 142.

### (i). Extraordinary and Compelling Circumstances:

The Court concluded extraordinary and compelling circumstances existed for two reasons.  First, Ferguson's hypertension, high cholesterol, and reduced lung capacity increased his possibility of severe illness from the COVID-19 pandemic, which the Court noted was running rapidly at FCI Elkton, the facility where he was confined.  Second, that unwarranted sentencing disparity resulted from the sentence commutation of Ferguson's codefendant, former Detroit Mayor, Kwame Kilpatrick.  Id. @ 143-44.  At the original sentencing the Court found "there were 'serious differences' between [Ferguson's] conduct and that of Mr. Kilpatrick."  Id. @ 144 (internal quotation marks added).  First, "[Ferguson] was not an elected official ...," and second, he "had been charged with and convicted of a substantially smaller number of charges."  Id.   The Court concluded ``that [Ferguson] deserved a shorter sentence than Mr. Kilpatrick, and ultimately sentenced [him] to a term of imprisonment 75% as long as Mr. Kilpatrick."  Id. Kilpatrick's sentence commutation upset this balance.   Ferguson "faced a period of incarceration more than twice as long as the time Mr. Kilpatrick served ...," so the Court ruled that extraordinary and compelling reasons resulted and warranted a reduction in Ferguson's sentence. Id. @ 143-44.

### (ii). Sentencing Factors:

The Court also found "that the [sec.] 3553(a) factors, as a whole, weigh in favor of [Ferguson's] compassionate release[,]" because he had "been incarcerated for a significant period of time – eight years ..., [d]uring [which] he ha[d] not displayed the hotheadedness he has in the past ..., ha[d] taken several positive steps toward his rehabilitation .., [i.e.] ... completed almost four hundred hours of classes and workshops to help him prepare for a productive life following release ...," and " ... served as a mentor to other inmates." Id. @ 145.

For the reasons below, Ferguson submits that these findings by the Court are also relevant to his instant motion to terminate the remainder to his term of supervised release.

### III.    GROUNDS FOR RELIEF

**(a). Jurisdiction:**

Under 18 U.S.C.  Section 3583(3), the Court has authority to "terminate a term of supervised release ... [at] anytime after one year, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation ..." Id.

**(b). Application:**

Section 3583(e) directs courts to consider the purposes of sentencing set forth under those sentencing factors. see  also 18 U.S.C. Section 3582(e)(2).  The Court's application of the Sec. 3553(a) sentencing factors under 3553(a).  The Court's application of those factors to conclude Ferguson's compassionate release was warranted, supports a finding that terminating of the remaining part of Ferguson's supervised release does not offend the public safety objectives of Sec. 3553(a).

Next, the general criteria applied to decide whether a statutorily eligible offender should be recommended to the Court as an appropriate candidate for early termination are as follows: (1) stable community reintegration; (2) progressive strides toward supervision objective and in compliance with the conditions of supervision; (3) no history of violence; (4) no recent arrest or convictions; (5) no recent evidence of alcohol or drug abuse; (6) no recent psychiatric episodes; (7) no identifiable risk to the safety of any identifiable victim; and (8) no identifiable risk to the

3

public safety based on the Risk Assessment Prediction Index ("RPI"). see Guide to Judiciary Policy, Vol. 8E, Chap. 3, Sec. 30.10(b), "Early Termination (Monograph 109)(revised 2010).

Mr. Ferguson's probation officer can attest that he meets each of these requirements. Ferguson has had no incidents to suggest instability in his reintegration into the community. In fact, the opposite is true. At the outset, he reunited with his Pastor, Bishop Marvin Winans at the Perfecting Church Ministry located at 7616 E. Nevada, Detroit Michigan, and he participates in the outreach ministry that targets youth development. see perfectingchurch.org. He also is active in the mentoring program his son established. see (attached pictures of various mentoring events). As in prison, Mr. Ferguson has a heart to help others find their way to success via education, and true companionship. Has

He also has fully cooperated with his probation officer to meet and even, inadvertently, exceed the conditions of supervised release that the Court imposed at sentencing. Ferguson's compliance with the objectives of those conditions support the termination of supervised release. see United States v. Johnson, 529 U.S. 53, 60 (2000)(noting, in dicta, that "the objective of supervised release" is "assisting individuals in their transition to community life."). Ferguson's infamous coloring by some in the media, has worked to be positive in demonstrating to others that "it is not how you start, but how you finish." He is committed to modeling this role in his church and other community outreach programs.

The remaining parts of the criteria above do not undermine termination of Ferguson's supervised release. He has no history of violence, psychiatric episodes, recent arrest, alcohol or drug abuse, or identifiable public safety risk as set forth under the RPI. Such concerns are abated by this Court's Section 3553(a) findings that Ferguson's compassionate release was warranted. see Ferguson, supra. @ 144-45 (ruling the seriousness of Ferguson's offenses are mitigated because "his crimes here were financial, not physical and not fiduciary ..." and that he had served a significant period of time, and had demonstrated post-sentencing rehabilitation.").

4

There is  also a presumption supporting a recommendation for early termination of supervised release, when, as here, after the first 18 months, defendants are not career offenders, sex offenders, or terrorist" and are "free from moderate or high severity [supervised release] violations."  see Guide to Judicial Policy, supra.  As noted, Ferguson's compliance with the conditions of his supervised release, his involvement in mentoring and other community outreach programs to show others a better way of life, his commitment to family, and mentoring his son to make a positive difference in Detroit, clearly reflect his rehabilitation from behaviors associated with his prior offenses, thus support Ferguson's motion to terminate the remaining term of his supervised release.  see e.g. United States v. Rentas 573 S. Supp. 2d 801 (S.D.N.Y. 2008)(granting relief finding defendant "law abiding behavior and review of 3553(a) factors favored early termination.").

In sum, Ferguson has served more than 14 months (approx. 20 months to date) on supervised release, he is 54, has complied with the conditions supervision, and has helped in mentoring others to become productive in business.  These facts support early termination in this case.  United States v. Friend, Case No.: 13-226 (W.D. Pa. 2019) (granting early termination of supervised release after Friend had served 21 of 36 months of supervision, based on his age, compliance with all the conditions of supervision, although nothing exceptional, but meeting the criteria under Section 3553(a) and Probation Department agreeing with the request.").

## IV.  **CONCLUSION**

**WHEREFORE**, for the reasons above, Defendant respectfully requests the Court terminate the remainder of his term of supervised release.

Date: December 21, 2022

_____
Bobby Ferguson
Defendant/Pro-se
18944 Bretton Drive/Detroit, MI. 48223

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date below a true and correct copy of the foregoing motion to terminate remainder of supervised release was placed in the United States Postal Service depository for mailing with First Class U.S Postage prepaid and properly addressed to the following party:

United States Attorneys Office
Eastern District of Michigan
211 W. Fort Street
Suite 2001
Detroit, MI. 48226

Date: December 21, 2022

_____

Bobby Ferguson
Defendant/Pro-se
18944 Bretton Drive
Detroit, MI. 48223





WORLD'S BEST
GRANDPARENT









Bobby Ferguson
18944 Bretton Drive
Detroit, MI.



United States District Court
Easter District of Michigan
     Clerk's Office
  231 W. Lafayette / Rm. 599
   Detroit, MI. 48226