UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    CASE NO: 10-CR-20403

v.

                    HON. NANCY G. EDMUNDS

BOBBY W. FERGUSON,

    Defendant.

_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF No. 688)**

Defendant Bobby Ferguson should remain on supervised release to ensure some payment by him on his $2.6 million restitution obligation to the City of Detroit. Since his release from prison in April 2021, Ferguson has claimed to his Probation Officer that he has had absolutely no income from any work or any business, despite going to the office every day. Ferguson has been paying a paltry $100 per month on his huge restitution obligation, except for his failure to pay even this minimal amount in December 2022 and January 2023. It is apparent that Ferguson is seeking to avoid his restitution obligation by concealing any income. Despite this conduct and despite his violations of supervised release, Ferguson now seeks early termination. Given the restitution obligation and because Ferguson cannot identify any

1

substantive harm caused him by the full completion of his supervision, the Court should deny his motion.

## FACTUAL BACKGROUND

In March 2013, a jury convicted Ferguson of nine felony counts of racketeering, extortion, bribery, and conspiracy related to his corrupt partnership with Kwame Kilpatrick, the former Mayor of the City of Detroit and a former state legislator. This Court sentenced Ferguson to 21 years in prison because of his serious criminal conduct, harm to the city, obstruction of justice, and violent criminal history. The convictions and sentence were upheld on appeal. Following President Donald Trump's commutation of Kilpatrick's prison sentence in January 2021, this Court granted Ferguson's motion for release from prison on compassionate release grounds in April 2021. However, in granting this release, the Court maintained Ferguson's three-year period of supervised release, as well as the restitution order.

After Ferguson's release from prison in April 2021, he has been under supervised release for approximately 21 months. On January 11, 2023, Ferguson filed the instant motion for early termination of supervised release. He claims that he has complied with the conditions of his supervised release, and that he is no longer a threat to the community. He also claims to have "mentor[ed] others to become productive in business." ECF No. 688, PageID.18879. Notably, Ferguson does not

2

claim that his activities have been negatively impacted in any way by his continued supervision.

<b><u>STANDARD OF LAW</u></b>

Early termination of supervised release is permitted after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Early termination is not warranted as a matter of course and is only permitted where the defendant shows changed circumstances—such as exceptionally good behavior. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002).  Factors to be considered include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, (4) the need to provide the defendant with needed education or vocational training, medical care, or other correctional treatment, (5) the kinds of sentence and sentencing range established or the applicable category of offense committed by the applicable category of defendant, (6) any pertinent policy statement issued by the United States Sentencing Commission, (7) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any

3

victims. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id.*

## **ARGUMENT**

Considering all of the factors set forth above, early termination of supervised release is not warranted in this case. Although Ferguson claims he is in full compliance with the terms of his supervision, this is not a basis for early termination even it were true. As one court has observed, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Productive employment, while laudable, does not warrant early termination. *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014).

Despite his assertions otherwise, Ferguson has violated the terms of his supervised release. According to his Probation Officer, Ferguson failed to make his $100 restitution payments in December 2022 and January 2023. As part of its standard conditions of release, the Court ordered Ferguson to work full time in a lawful occupation. In the 21 months of his supervised release, Ferguson claims not to have had any income. He tells his Probation Officer that he goes to the office every day, yet no revenue has resulted from these visits. Ferguson claims that he has mentored other people in their businesses during his supervision, yet he himself

4

has done nothing in any of his business activities that has produced any income.  As was apparent from the testimony and evidence at trial, Ferguson is an ambitious, greedy, and hardworking individual.  Somehow, this drive and energy have failed to produce any income over the course of 21 months.  It seems more likely that Ferguson is continuing to conceal and shield his income from his restitution obligations.  Although the government may not be able to prove at this time that Ferguson has violated the terms of his supervision by concealing income, Ferguson's purported lack of income at least counsels against terminating early his supervision. The more reasonable course would be to maintain supervision so that Ferguson has some incentive to re-start and actually make his restitution payments and to not conceal any income.

Ferguson committed very serious crimes, and he still owes a significant amount of restitution.  The current balance of his restitution obligation in this criminal case is $2,628,564.86 to the City of Detroit.  By continuing his supervised release, the Court can ensure that Ferguson will be under the supervision of this Court in connection with continuing efforts to collect restitution.  Remaining on supervised release provides a strong additional incentive for Ferguson to not obstruct efforts to collect on his obligation.  As this Court is well aware, Ferguson has a history of seeking to thwart collection on his restitution obligation.  *See* ECF No. 470, Government Sentencing Memorandum, PageID.15741-43.  For example,

5

Ferguson allowed his attorney in his presence to argue to the Court that he was not a flight risk because all of his financial resources had been taken by the government, and he had been unable to pay his legal bills.  Just four days after Ferguson caused these representations to be made to this Court, the government seized hundreds of thousands of dollars in bank accounts in Alabama belonging to Ferguson.  Simply stated, Ferguson cannot be trusted, and this Court should maintain supervision so that it can enforce its orders and ensure compliance.

Balanced against Ferguson's history of obstruction of justice and his non-compliance with his conditions of supervision, Ferguson cannot identify any problem or difficulty caused him by the minimal level of supervision being carried out by the Probation Office.

## **CONCLUSION**

Ferguson's motion should be denied.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ David A. Gardey*
David A. Gardey
Assistant United States Attorney
211 W. Fort Street, Suite 2001
(313) 226-9591
David.Gardey@usdoj.gov

Dated:  January 25, 2023

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

I further certify that a copy of the foregoing document was mailed by U.S. mail to the following non-ECF participant:

Bobby Ferguson
18944 Bretton Drive
Detroit, MI 48223

*s/ David A. Gardey*
David A. Gardey
Assistant United States Attorney