UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOBBY W. FERGUSON (D-2),

    Defendant.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE [688]**

This matter is before the Court on Defendant Bobby W. Ferguson's pro se motion for early termination of supervised release.  (ECF No. 688.)  The government opposes the motion.  (ECF No. 691.)  The Court has reviewed the record in its entirety and finds that a hearing is not necessary.  For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

On March 11, 2013, a jury found Defendant guilty of nine of the eleven counts he was charged with: one count of RICO conspiracy, 18 U.S.C. § 1962(d); six counts of extortion, 18 U.S.C. § 1951; one count of attempted extortion, 18 U.S.C. § 1951; and one count of bribery, 18 U.S.C. § 666(a).  (ECF No. 277.)  The Court sentenced Defendant to be imprisoned for a term of 252 months.  (ECF No. 519.)  Defendant was also ordered to pay restitution to the City of Detroit's Water & Sewerage Department in the amount of $6,284,000.00.  (*Id.* at PgID 16479.)  The Sixth Circuit affirmed Defendant's convictions and sentence, *see United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015), and the

1

Supreme Court denied Defendant's petition for a writ of certiorari, (ECF No. 575). The Court later denied Defendant's motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 624.) On April 29, 2021, this Court granted Defendant's motion for compassionate release and reduced the custodial portion of his sentence to time served. (ECF No. 682.) At the time, his projected release date was January 29, 2031. (*Id.*) The order granting compassionate release did not alter either the three-year term of supervised release imposed at the time of sentencing or this Court's restitution order. (*See id.*)

## II.   Legal Standard

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Under 18 U.S.C. § 3583(e)(1), however, the Court may terminate a term of supervised release any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." When making this determination, the Court considers the following sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant; any pertinent policy statement issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any

victims of the offense. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

**III.    Analysis**

Defendant asserts that early termination of his supervised release is warranted because he has complied with all conditions of his supervision and has served as a mentor to others. The government argues that the relevant sentencing factors weigh against granting Defendant the relief he seeks.

As a general matter, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Usually, early termination of supervised release "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotations and citation omitted).

Here, Defendant has not identified any new or unforeseen circumstances that would warrant early termination of supervised release. Defendant committed very serious crimes, and he still owes a significant amount of restitution. The current balance of his restitution obligation in this case is $2,628,374.86 to the City of Detroit. Defendant has only been paying a minimal amount of $100 per month towards this obligation. By continuing Defendant's supervised release, the Court will ensure that Defendant will remain under supervision during continuing efforts to collect the restitution owed in this case. In sum, the Court finds that the relevant sentencing factors, as a whole, weigh against early termination of supervised release.

**IV.      Conclusion**

For the foregoing reasons, Defendant's motion for early termination of supervised release is DENIED.

SO ORDERED.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: February 2, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2023, by electronic and/or ordinary mail.

                                          s/Lisa Bartlett
                                          Case Manager