UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOBBY W. FERGUSON (D-2),

    Defendant.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION
FOR RELIEF FROM JUDGMENT [694]**

On February 2, 2023, the Court issued an opinion and order denying Defendant Bobby W. Ferguson's pro se motion for early termination of supervised release. (ECF No. 693.) On November 13, 2023, Defendant filed the present pro se motion for relief from judgment. (ECF No. 694.) The government has not filed a response. For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

On March 11, 2013, a jury found Defendant guilty of nine of the eleven counts he was charged with: one count of RICO conspiracy, 18 U.S.C. § 1962(d); six counts of extortion, 18 U.S.C. § 1951; one count of attempted extortion, 18 U.S.C. § 1951; and one count of bribery, 18 U.S.C. § 666(a). (ECF No. 277.) The Court sentenced Defendant to be imprisoned for a term of 252 months. (ECF No. 519.) Defendant was also ordered to pay restitution to the City of Detroit's Water & Sewerage Department in the amount of $6,284,000.00. (*Id.* at PageID.16479.) The Sixth Circuit affirmed Defendant's convictions and sentence, *see United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015), and the

1

Supreme Court denied Defendant's petition for a writ of certiorari, (ECF No. 575). This Court later denied Defendant's motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 624.) On April 29, 2021, the Court granted Defendant's motion for compassionate release and reduced the custodial portion of his sentence to time served. (ECF No. 682.) At the time, his projected release date was January 29, 2031. (*Id.*) The order granting compassionate release did not alter either the three-year term of supervised release imposed at the time of sentencing or this Court's restitution order. (*See id.*) On January 11, 2023, Defendant moved for early termination of supervised release, but the Court denied his motion less than one month later. (ECF Nos. 688, 693.) Now, over nine months after that denial and with less than five months remaining in his term of supervised release, Defendant moves for relief from judgment. (ECF No. 694.)

## II.     Analysis

Defendant brings this motion under Federal Rule of Civil Procedure 60(b). But Rule 60(b) only "applies to civil proceedings, proceedings authorized under Rule 81, and habeas proceedings, which are civil in nature." *See United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011). Thus, it does not apply here. And while Eastern District of Michigan Local Rule 7.1(h) allows for motions of reconsideration, that rule only applies to non-final orders and only gives parties fourteen days to file any such motions.

Defendant alternatively asks the Court to consider his motion as "a more detailed" motion for early termination of supervised release. Even if the Court were to construe his motion as a renewed request for early termination of supervised release, he would not be entitled to relief. Defendant argues that the Court erred by purportedly requiring him to show new or unforeseen circumstances. But the Court did not impose such a

2

requirement; instead, it properly stated that "*[u]sually*, early termination of supervised release 'will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it.'" See ECF No. 693, PageID.18913 (quoting *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020)) (emphasis added). Defendant also notes that the Court did not address its previous finding that the sentencing factors warranted compassionate release when it later found that many of those same factors weighed against early termination of supervised release. But imprisonment and supervised release serve different purposes. *See United States v. Johnson*, 529 U.S. 53, 59-60 (2000). Thus, there is no tension between the two rulings. Defendant also argues that his family has been the subject of undue media attention. However, any such scrutiny is due to the high-profile nature of this case and not the requirement of supervised release. In sum, Defendant does not make any argument that would lead the Court to a different conclusion regarding his request for early termination of supervised release.

### III. Conclusion

For the foregoing reasons and the reasons discussed in the Court's previous order, Defendant's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 12, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager