UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
FEB 19 2025
CLERK'S OFFICE
DETROIT

UNITED STATES OF AMERICA,

Plaintiff,

vs.

Case No. 10-20403
Honorable Nancy G. Edmunds

BOBBY W. FERGUSON (D-2)

Defendant.

_____/

## MOTION FOR THE RECORD OF AND TO MODIFY RESTITUTION PAYMENTS

**NOW COMES**, Defendant, Bobby W. Ferguson ("Ferguson"), acting pro-se, and pursuant to 18 U.S.C. Sections. 3612(f)(3) and 3664(k), and moves the Court for the records of all restitution payments, including in-kind payments, the balance due, if any, and the current schedule for any remaining obligations, and the interest payments applied or due. Upon receipt and perusal of this data, Ferguson further moves the Court to permit him to supplement his Motion to Modify Restitution Payments or to rule his restitution obligations including any interest payments are fully satisfied. In support, the following is respectfully submitted.

### I.  INTRODUCTION

**A. Relevant Facts:**

On March 11, 2013, a jury found Ferguson guilty of nine of the eleven counts he was charged with: one count of RICO conspiracy, 18 U.S.C. § 1962(d); six counts of extortion, 18 U.S.C. § 1951; one count of attempted extortion, 18 U.S.C. § 1951; and one count of bribery, 18 U.S.C. § 666(a). **(ECF No. 277).** The Court sentenced Ferguson to be imprisoned for a term of 252 months. Ferguson was also ordered to pay restitution to the City of Detroit's Water & Sewerage Department ("DWSD") in the amount of **$6,284,000.00,** jointly and severally with his codefendant, Kwame Kilpatrick ("Kilpatrick"), but Kilpatrick's original amount of restitution was

$4,584,423.00, a difference of $1,699,577.00 (Id. @ Pg. ID 16479). The difference between the amounts of Ferguson's and Kilpatrick's restitution is due to the Court's reliance on the amount of profits they made separately, as opposed to the actual loss to the City of Detroit. See **United States v. Kilpatrick, 798 F.3d 365, 388-91 (CA 6, 2015).**

The Sixth Circuit affirmed Ferguson's and Kilpatrick's convictions and sentence, but it reversed the Court's restitution award against Kilpatrick to DWSD.. **Id.** On remand, the Court ordered Defendant to pay restitution to DWSD in the amount of **$1,520,653.50.** see **United States v. Kilpatrick, No. 10-20403; 2017 U.S. Dist. LEXIS 140562 at *1 (E.D. Mich. Aug. 31, 2017).** The Court entered an amended judgment reflecting this award and a new total restitution obligation of **$1,716,057.11. (Case No. 10-20403, ECF No. 617).** All other aspects of the judgment remained the same. **Id.** The Supreme Court denied Ferguson's Petition for a writ of certiorari. **(ECF No. 570, 572).** The Court later denied Ferguson's motion to vacate his sentence under 28 U.S.C. § 2255, and failed to pass on his claim that his appellate attorney rendered ineffective assistance by not joining Kilpatrick's challenge to the amount of restitution **(ECF No. 624).** On April 29, 2021, this Court granted Ferguson's motion for compassionate release and reduced the custodial portion of his sentence to time served. **(ECF No. 682).** The order granting compassionate release did not alter either the three-year term of supervised release imposed at the time of sentencing or the Court's **restitution order.** see ECF No. 693 @ pg. 1. **(Ferguson completed his supervised release without incident on April 29, 2024).**

B. Discussion:

These facts clearly indicate that the amount of Ferguson's restitution is inaccurate. If restitution is supposed to approximate the amount the City of Detroit lost, Ferguson's restitution obligations should be on parity with Kilpatrick's obligations.

For example, the last recorded balance of Ferguson's restitution obligation in this case was $2,628,374.00. Id. @ pg. 3-4. This figure indicates Ferguson has paid $3,655,626.00 of

2

the **$6,284,000.00** awarded for restitution. According to the Court in a recent matter overruling, inter alia, defendant, Kilpatrick's objections to Garnishment, an updated record was provided of the case's financial history indicating that Kilpatrick has received credit in the amount of **$877,443.60** for money collected from his co-defendant, Mr. Ferguson. **(ECF No. 23, Pg. ID 160, 162). Defendants receive credit for payments made by co-defendants on a pro-rata basis. The Clerk of Court recently updated the record to reflect the correct apportionment based on the amended judgment. Id. @ fn. 3 (emphasis added).**

It is unclear whether the **$877,443.60 credit** that Kilpatrick received of the money collected by Ferguson is an accurate pro rata apportionment of the **$3,655,626.00** Ferguson has paid. In either event, the inconsistency of the reported amounts in restitution owed and paid by Mr. Ferguson, suggests that in the interest of justice, Ferguson be provided an accurate assessment of what he has paid and whether his restitution payments to date exceed the actual losses of the City of Detroit that this Court concluded to be an obligation of **$1,716,057.11. see ( ECF No. 617)**

### C. Legal Authority:

18 U.S.C. Sec. 3664(k) in relevant part provides:

(k) A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Section 3612(f)(3) provides:

(f) Interest on fines and restitution .

(3) Modification of interest by court.--If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may--

(A) waive the requirement for interest;

(B) limit the total of interest payable to a specific dollar amount; or

(C) limit the length of the period during which interest accrues 18 U.S.C. § 3612(f)(3).

Both statutes are applicable in the instant case. Ferguson moves the Court to instruct the Court Clerk to provide an accurate record of his restitution and interest payments. The liability for restitution debt expires "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b). Ferguson was released on April 29, 2021, hence his liability for any unpaid debt, if any, would expire on April 29, 2041. He should not have to comply with an inaccurate amount of restitution and interest thereon any longer.

**CONCLUSION**

4

**WHEREFORE,** for the reasons above, Defendant respectfully requests the Court instruct the Clerk to provide an accurate account of his restitution payments to date, including in-kind payments and interest payments, and to permit him to file a supplemental motion to modify his restitution obligation, in any, and waive his interest payments, if any, based on the information provided and application of 18 U.S.C. Sections 3612 and 3664, respectively.

Date: January 10, 2025

*/s/ Bobby W. Ferguson*
Bobby W. Ferguson
Defendant/Pro-se
18944 Bretton Drive
Detroit, MI. 48223

### CERTIFICATE OF SERVICE

The undersigned certifies that on the date below a true and correct copy of the foregoing as deposited in a United States Postal mailbox with First Class U.S. Postage prepaid and properly addressed to the following party:

Michael Bullotta
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9507

Date: January 10, 2025

_____
Bobby W. Ferguson
Defendant Pro-se
18944 Bretton Drive
Detroit, MI. 48223

<9
<9
<9



U.S. POSTAGE PAID
FCM LG ENV
REDFORD, MI 48239
FEB 12, 2025
$1.77
S2324P503999-21

Retail
48226
RDC 99

Bobby W. Ferguson
14365 Wyoming ST.
Detroit, MI 48238

United States District Court for the Eastern
District of Michigan
231 West Lafayette Blvd
Detroit, MI 48226