**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**            Case No.: 10-20403
                                         Hon. Nancy G. Edmunds

**vs.**

**BOBBY W. FERGUSON,**

       **Defendant.**
_____/


**DEFENDANT'S SURREPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE**

    **NOW COMES, Defendant, Bobby W. Ferguson ("Ferguson"),** acting pro-se, and files his surreply to the Government's Supplemental Response to Defendant's Motion for the Record of and to Modify Restitution Payments (ECF No. 702 & 703) ("Motion"), requesting the Court reject the Government's attempt to change Ferguson's motion into a debate over the amount and schedule of Ferguson's restitution payments and to direct the Government to provide Ferguson a detailed account of **his individual** payment history and the sources of **his individual** payments.

1. The Government's initial Response to Ferguson's Motion briefly recounts the law of the case with a focus on the $6,284,000.00 restitution award. **(EFC No. 705 @ p. 1, para. 1-2).**

2. The Government indicates that "[r]estitution was ordered jointly and severally with the Defendant's co-Defendant, Kwame Kilpatrick, up to $4,534,423.00." **Id. @ p. 2; (citing ECF No. 519 @ Pg. ID 16481).**

3. The Government acknowledges that Ferguson's "judgment was upheld on appeal …," and that "[o]nly [Ferguson's] co-Defendant's restitution was vacated and remanded for

recalculation." **(EFC No. 705 @ p.2, para. 3-4) (citations omitted).**

4.     The Government notes that Ferguson filed a 2255 motion which the Court denied on February 27, 2018, as was his Motion for Reconsideration, but omits Ferguson's claim that the Court never ruled on his 2255 claim that his appellate attorney was ineffective by not joining in his co-defendant's claim that the restitution amount was improperly calculated. **Id. @ para 5.**

5.     Instead, the Government states that "the amounts and terms of [Ferguson's] restitution have remained the same." **Id. @ para. 6.**

6.     Next, the Government notes that as "a result of Ferguson's forfeiture and restoration proceedings, a total of $3,652,529.64 was applied to the special assessment and restitution balance …" and that with his "monthly payments ranging from $25.00 to $200.00 …," **Id @ para. 8,** Ferguson restitution balance is **$2,619.959.55. Id.** This equates to a payment of nearly ⅔ of the restitution awarded, which is an unprecedented payment for such an exorbitant and erroneous amount of restitution.

7.     Ferguson's reply reveals how the **payment history** the Government provided is clearly erroneous as the "Summary of Criminal Debts" ("Debt Summary") includes the **"Victims Restitution with Interest"** that flatly disregards the "no interest waiver" imposed by the Court. **see ECF 705 @ Pg Id 18969.**

8.     In fact, none of the other information provided in the Debt Summary under "**Independent Payment History" details Feguson's individual payments or the sources of such payments.  see ECF 706 @ Pg. ID 18973 (emphasis added).**

9.      Ferguson argued that neither him or the Court can assess the accuracy of the Payment History generated by the Government without such details. **Id.**

2

10. The Government's Supplemental Response acknowledges that Ferguson's Reply alleged (1) the accounting information provided by the Government was neither accurate nor relevant to his Motion; (2) he provided a "financial questionnaire";  (3) he re-raised arguments concerning his restitution amount the Court had previously dismissed.  ECF No. 706.  In addition, Ferguson requested more detailed account records concerning his restitution and notified the Court and the Government of his intent to file a collateral attack on his judgment. **see ECF No. 707 @ Pg. ID 18977-78, para. 1.**

11. The Government admits to including "the phrase **with interest"** but contends it was a clerical  error."   **Id. @ Pg. ID 18979, para. 7.**   In  support, the Government states "the exhibit record  reflects  the  mandatory  $900.00  special  assessment  under  18  U.S.C.  [:]  3013  plus $6,284,000.00  under  18  U.S.C.  [:]  3663A  …  total[s]  $6,284,900.00."    **Id.**    However, this statement omits that **$3,664,940.45 was collected.  (ECF No. 705, Pg. ID 18969).**   Thus, the so-called **"record"** does not **reconcile** the interest issue.

12. Moreover, the failure to provide date[s] when the $900 special assessment was collected prevents Ferguson from knowing if the collection occurred before the five (5) year deadline accrued.   **see 18 U.S.C. : 3013(c) ("The obligation to pay an assessment ceases five years after the date of the judgment.").**

13. As for the Government convenient claim that on March 3, 2025, and April 8, 2025 it requested an "updated financial information from Ferguson to assess his  payment ability …" and that "Ferguson did not respond  …," **(ECF No. 18978 @ para 2),** this  statement is self-serving and disingenuous.

14. The Government made these requests **"after"** Ferguson filed his Motion on February 19,  2025.  **Id.; see also ECF No. 703.**     The  objective  is  to demonize Ferguson  albeit, as noted above, he has paid ⅔ of nearly $7 million in restitution.  Indeed,  if the Government had

3

any actual concerns about Ferguson's finances, it would have filed its own motion to change the payment schedule and amount.

15. Additional proof of this demonization is the Government's **unfounded** recommendation to increase payment to "a rate of $500 a month until other information is received." **ECF No. 707 @ Pg. ID 18980, para 10.**  Again, Ferguson has paid an **unprecedented** ⅔ of **$7,000,000.00.**

16. Furthermore, prior to filing his motion, Ferguson did complete a financial information form and did not "fail[] to adhere to … a de minimis payment plan." **ECF No. 707 @ Pg. ID 18978, para. 3; see Defendant's Exhibit ("Def Ex. 1").**

17. Although Ferguson has been making monthly payments ranging from $25.00 to $200.00, those intermittent payments represent a steady increase. **ECF No. 705 @ Pg. ID 18964, para. 8.**

18. The Government's protest that "Ferguson has made one $200.00 payment since his last filing was actually **two (2) electronic** payments of $100.00 made on March 11, 2025 to make-up for the $100.00 payment he inadvertently missed in February of 2025. **see Def. Ex. 2.**

19. The Government's attempt to shift Michigan's United States Attorney's Office ("MUSAO") duty to make and preserve records of its collection of Ferguson's restitution payments to the Clerk's Office, is disingenuous and belied by its admitted responsibility to **collect restitution.**

20. The Federal Records Act ("FRA") provides that "[t]he head of each Federal agency shall make and preserve records containing adequate and proper documentation of the organization, function, policies, decisions, procedures, and essential transactions of the agency and designed to furnish the information necessary to protect the legal and financial rights of the Government

4

and of **persons directly affected by the agency's activities."  see 44 USC : 3101 (emphasis added).**

21.     Ferguson is directly affected by the MUSAO's collection and documentation of his restitution payments, hence, the MUSAO **has a duty to make and preserve adequate** records of its collection of Ferguson's restitution payments.  **Id. see also Cooper v, Stewart, 763 F. Supp. 2d 137, 142 (D.C. Cir. 2011).**

**22.**     Certainly, the MUSAO duty includes a more **detailed** account of its collection regarding the source of Ferguson's payments, i.e.,"a combination of at specific and in-kind payments." **see 18 US.C. : 3664 (3)(A).**

23.     Without such detail, the Government has not even presented the Court a factual basis to support its supplemental recommendation that Ferguson pays restitution at "a rate of $500 a month until such other information is received."  **(ECF No. 707 @ Pg. ID 18980).**

23.      Accordingly, Ferguson again requests the Court direct the Government to provide a more detailed record of the source and individual payments of restitution he had made.

24.     Finally, Ferguson notes that under Rule 5(B) of the Federal Rules of Civil Procedures, "[n]o certificate of service is required when a paper is served by filing it with the court's electronic-filing system."

## **C O N C L U S I O N**

**WHEREFORE,** for the reasons above, Defendant respectfully requests the Court deny the Government's request to increase restitution payments to $500 monthly, and instruct the Government to provide a more Detailed Pay History consisting of payments made only by Ferguson along with the actual source of such payments.

Date: May 9, 2025

/s/ Bobby Ferguson
Bobby W. Ferguson
Defendant/Pro-se
20001 Robinson
Detroit, MI. 48235

6