**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**　　　　　　　　　　Case No.: 10-20403
　　　　　　　　　　　　　　　　　　　　　Hon. Nancy G. Edmunds
**vs.**

**BOBBY W. FERGUSON,**

        **Defendant.**
**_____/**

### MOTION TO QUASH SUBPOENA TO
### TESTIFY AT A DEPOSITION IN A CRIMINAL CASE

**NOW COMES, Defendant, Bobby W. Ferguson ("Ferguson"),** acting pro-se, and pursuant to Rule 45(3)(A)(iv), moves this Honorable Court to "Quash Subpoena to Testify at a Deposition in a Criminal Case."  In support, the following is respectfully submitted:

### I. STATEMENT OF THE FACTS AND THE CASE

On May 16, 2025, Assistant United States Attorney ("AUSA") Jessica A. Nathan (TX Bar 24090291), sent Mr. Ferguson a letter that in relevant part recounts the Court restitution judgment of **$6,284,000.00.,** and indicates the outstanding balance as of May **15, 2025, is $2,619,559.55. see {Defendant's Exhibit ("Def. Ex.") No. 1).** AUSA Nathan is the Attorney of Record in matters pending before the Court regarding Ferguson's restitution payments.  **see (ECF Nos. 702. 703, 704, 705, 706, 707, 708).**  Notwithstanding, in her letter AUSA Nathan reiterates that her office is "responsible for enforcing and collecting … outstanding debt …," so she "enclosed forms … [with] … attachments …" as well as a request for Ferguson's "last two income tax returns, schedules, and form …." due by "Friday, June 6, 2025. " **Def. Ex.. No. 1.**

Her letter then directs Ferguson to "provide proof of employment/disability/pension, benefits, copies of bank statements, and supporting documentation listed in the enclosed documents." **Id.**   Her letter further states that "pursuant to the enclosed subpoena, **DEMAND IS HEREBY MADE FOR YOU TO ATTEND AN IN PERSON JUDGMENT DEBTOR'S EXAMINATION AT THE UNITED STATES ATTORNEYS' OFFICE ON WEDNESDAY, AUGUST 27, 2025, AT 10:00 AM…"   Id.**

The subpoena does not use the Caption above to the instant case to which AUSA Nathan is attorney of record, but instead states that this Court issued the subpoena, and that the United States of America is Plaintiff, but denigrates Defendant Ferguson by using the caption "Bobby W. Ferguson aka Ferguson Bobby Wesly"; instead of "Bobby W. Ferguson", who as denoted above clearly is the defendant.   **Def. Ex. No. 2.**   This is also an attempt to start a separate action from what is pending in the instant case.  Specifically, the Subpoena's Title is denoted as a "**Subpoena To Testify At A Deposition In A Criminal Case." Id.**   The Court issued the restitution judgment during Ferguson's criminal proceedings. However, AUSA Nathan knows that Ferguson has served his sentence and was discharged from Supervised Release on April 29, 2024.  **(ECF No. 705 @ Pg ID 18965 @ para. 12).**   Therefore, enforcing satisfaction of the restitution judgment is conducted under the Federal Rules of Civil Procedure, not Criminal Procedure.   **see 18 U.S.C : 3631(f) ("In accordance with Section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.").**   Hence, the "Subpoena to Testify at a Deposition in a Criminal Case" is misnomer and misleading.   Any deposition in the instant case would be part of the instant **civil proceeding pending before the Court**, not the related criminal case from which the restitution judgement is derived.

2

Moreover, in her filings, AUSA Nathan stated that "updated financial information" that the forms provided to Ferguson to complete are sufficient to assess Ferguson's "**ability to pay and recommend a payment plan …**" to the Court.   **(EFC No. 705 @ Pg. ID 18966, para. 15-16).** In fact, AUSA Nathan requested the Court "continue … [Ferguson's] Motion until May 1, 2025, to: 1) provide time for [Ferguson] to complete the financial questionnaire and provide the supporting documents to the United States,  2) an opportunity for the United States to review [Ferguson's] submission, and  3) report its finding to the Court.  **Id.**

Therefore, AUSA Nathan's **recent** Subpoena/Deposition demand is not predicated on an actual need to obtain Ferguson's financial information, but, as discussed below in greater detailed, is intended to "**retaliate" by** placing an **"undue burden"** on Ferguson for exercising his right to move the Court to Order the USAO to provide a record of the "source and amounts of his restitution payments and to based on that information modify the amount, if any, and schedule for such payments.  **(ECF No. 18954).**   Stated differently, AUSA Nathan did not like Ferguson's initial motion or his replies to her responses.   Specifically, on May 1, 2025, the AUSA Nathan filed a Supplement to her Response.   **(ECF No. 707 @ Pg. ID 18977).**   She contended (1) that on March 3, 2025, and April 8, 2025, the USAO requested updated financial information from Ferguson to assess his payment ability and Ferguson failed to reply; (2) that since termination of Feguson's Supervised Release on April 29, 2024, "Ferguson failed to adhere to **even** a de minimis payment plan or to respond to the USAO with update concerning his current financial conditions; (3) that his last payment of $200.00 was received on March 11, 2025, and that no other payments in 2025 have been received."   **(ECF No. 18978 @ para 2-3) (emphasis added).**

3

AUSA Nathan's claims are belied by her own statements. Ferguson did not fail to reply to the Government March 3rd, and April 8th, 2025 requests for updated financial information, nor did he fail to adhere to his de minimis payment plan. AUSA Nathan acknowledges the Government received Ferguson's last payment of $200.00 on March 11th, 2025. **Id.** Ferguson's electronic payment receipts indicate that the $200.00 payment was for the months of March 2025 and April 2025, respectively. **see (ECF No. 708, Exhibits 1 & 2).** AUSA Nathan also acknowledges that Ferguson's current restitution balance is **$2,619,759.55**. **(ECF No. 707 @ Pg. ID 18978, para. 3).** Although Ferguson "diametrically rejects" this balance, in arguendo, this balance means Ferguson has paid more than ⅔ of his 7 million dollar restitution, which reveals the disingenuous nature of AUSA Nathan's **subpoena/deposition demand**. Simply put, AUSA Nathan is not acting in good faith to enforce Ferguson's restitution payments; rather she is trying to create a means to subject Ferguson to contempt and sanctions by using a subpoena to place an "**undue burden**" on Ferguson to appear on August 27, 2025 for a needless deposition with an intent that the burden causes Ferguson not to comply with **"commands"** of the subpoena that she composed. **see Fed R. Civ. P, Rule 45(C)(3) ("The clerk must issue a subpoena, signed but otherwise blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.").**

## **GROUNDS FOR RELIEF**

**Discussion:**

Rule 45 states that "[a] party or attorney responsible for issuing and serving a subpoena **must take reasonable steps to avoid imposing**

**undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction ... on a party or attorney who fails to comply."   Rule 45 (d)(1), FRCivP. (emphasis added).** The purpose of this rule is to protect a person subject to a subpoena and its enforcement.  To this end, on timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c) ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to **undue burden.   Rule 45 (3)(A)(i)-(iv), FRCivP. (emphasis added).**   AUSA Nathan's decision to issue a subpoena is unfounded and at best premature.  The Court has yet to rule on the issues raised by the parties regarding the amount and schedule for restitution payments or, if the Court is so inclined, to determine if the amount of restitution is correct or has otherwise been satisfied.  Subjecting Ferguson to a deposition on Wednesday, August 27, 2025 at 10 am in the United States Attorneys Office at 211 West Fort Street, Ste 2001 in Detroit, can serve no other purpose than to force Ferguson to obtain counsel, and pay the expense for both his and an attorney's appearance.  As noted above, this places an **"undue burden"** on Ferguson and the facts suggest it may be an act of retaliation.

Furthermore, issuing the subpoena/deposition also defies logic. AUSA Nathan knows the Court has not ruled on the exact issues she claims to be the basis for an "In Person Judgment Debtor's Examination". **(Def. Ex. 1 & 2).** Conversely, AUSA Nathan has opined that "[t]he only outstanding issue is Ferguson's payment of [the restitution amount determined by the Court], which the Government recommends a rate of $500.00 a month until other information is received." These facts indicate there is no need for an August 2025 deposition to enforce restitution payments. Indeed, it is noteworthy that Ferguson has paid ⅔ of his $7 Million restitution, and in her filings AUSA Nathan acknowledged that Ferguson's monthly restitution payments of $100.00 was sanctioned by Ferguson's former probation officer and approved by the Court. **(ECF No. 705 @ Pg. ID 18965 @ para. 12).** It is also noteworthy that Ferguson, not the USAO, moved the Court to adjudge the restitution issues presented by the parties. Ferguson has not violated the restitution judgment nor is he trying to conceal anything; rather, he wants to resolve the issues he presented regarding the proper amount of restitution and the current balance of the same, if any.

Accordingly, the Government does need anything more to enforce restitution any action taken by the USAO before the Court rules on the pending matter is unfounded and premature. Hence quashing the subpoena issued without leave of the Court and without any rational basis to support the same is warranted. Further, the demands in AUSA Nathan's letter that

6

Ferguson complete various forms to provide financial information has been presented to the Court in the instant case; therefore the Court's ruling on the instant motion will determine if that information is needed to collect or enforce restitution payments.

## C O N C L U S I O N

**WHEREFORE,** for the reasons above Defendant respectfully requests the Court issue an Order to Quash the Subpoena along with the other related papers that are sufficiently addressed in the restitution matter pending before this Court.

Date: May 26, 2025

/s/ Bobby Ferguson
Defendant/Pro-se
18944 Bretton Street
Detroit, MI. 48223