**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                    **Case No.: 10-20403**
                                             **Hon. Nancy G. Edmunds**

**vs.**

**BOBBY W. FERGUSON,**

        **Defendant.**

**_____/**

### MOTION TO EXPEDITE JUDGMENT  ON  PENDING
### MOTION TO QUASH SUBPOENA TO TESTIFY
### AT A DEPOSITION IN A CRIMINAL CASE

      **NOW COMES, Defendant, Bobby W. Ferguson ("Ferguson"),** acting pro-se, and moves this Honorable Court to expedite judgment on the pending "Motion Quash Subpoena to Testify at a Deposition in a Criminal Case."   In support, the following is respectfully submitted:

### I. PROCEDURAL BACKGROUND

1.     On February 18, 2025, Ferguson filed a Motion for the Record of and to Modify Restitution Payments; he requested the Court to order the government to provide a record of his restitution payment, the source of such payments, and the balance due on restitution.   **(ECF No. 702).**

2.     On February 24, 2025, the Court Ordered the government to file a response by March 10, 2025.  **(ECF No. 704).**

3.     On March 7, 2025, the Government filed its response,but the Account History of

Ferguson's restitution payments was devoid of details to determine the source of the payments and to identify payments made by Ferguson.  **(ECF No. 705**).

4.      On March 11, 2025, The Court Ordered the government to file a supplemental response by May 1, 2025.  **see Docket 03/11/2025.**

5.      Ferguson  filed his reply to the Government's response on March 21,  2025, wherein he identified the errors, mistakes, and inaccuracies in his Restitution Payment History that the Government provided and refuted the government's claim that he had not complied with the **extant payment scheduled** approved by Probation and authorized by the Court.    **(ECF No. 706 #@ Pg ID 18972-18975).**

6.      The Government fled its Supplemental Brief on May 1, 2025, wherein it alleged, in pertinent part:: (1) Ferguson had not completed the updated financial information forms it sent to him on  March 3, 2025, and April 6, 2025; (2) that without this information it can not assess his payment ability; (3) that "[s]ince the termination of his supervised release, Ferguson has failed to adhere to even a de minimis payment plan or respond to the USAO with  updates concerning his current financial condition; (4) that ''[h]is last payment of $200.00 was received on March 11, 2025 …," (5) that no other payments in 2025 have been received; (6) that "[a]s of May 1, 2025, [Ferguson's] balance is **$2,619,759.55."    (ECF No. 707 @ Pg. ID 18977-18978);** and (7) that "[t]he Attorney General is responsible for the collection of restitution, and the Clerk is the official recordkeeper of payments received."  **(ECF No. 707 @ Pg. ID. 18979-18980).**

**7.**      The government further claimed that Ferguson manages two companies but had not reported income from either entity to the USA  and that "[t]he Attorney General is responsible for the collection of restitution, and the Clerk is the official recordkeeper of payments received."

2

**(ECF No. 707 @ Pg. ID. 18979-18980).**

8.      The government concluded that **"[t]he only outstanding issue is Ferguson's payment of that restitution, which the Government recommends a rate of $500.00 a month until other information is received."  Id. @ Pg. ID 18980 (emphasis added).**

9.      On May 15, 2025, Ferguson filed a Surreply to the Government's Supplement Brief, wherein he clarified that the recent $200.00 payment was for the months of February and March 2025 and that the government's claim that these payments were delinquent was designed disingenuously to demonize Ferguson.  **(ECF No. 708 @ ;p. 3-4).**

10.     Ferguson provided documents to show he completed the financial information form provided by the government and did adhere to a de minimis payment plan.  **Id. @ p. 4, para 16.**

11.     Ferguson also demonstrated that the USAO does have a duty to maintain accurate record of the restitution collected from him and others under the Federal Records Act (**"FRA"**). **see 44 USC : 3101.**

12.     For relief, Ferguson requested the Court deny the government''s request to increase his monthly restitution rate from $100 to $500 and to instruct the government to provide him a more detailed Payment History recording of payments made by Ferguson and the source of the same. **Id. @ 6.**  This matter is still pending before the Court.

13.     On May 16, 2025, Assistant United States Attorney ("AUSA") Jessica A. Nathan (TX Bar 24090291), sent Mr. Ferguson a letter that in relevant part recounts the Court restitution judgment of **$6,284,000.00.,** and indicates the outstanding balance as of May **15, 2025, is**

**$2,619,559.55.  see {Defendant's Exhibit ("Def. Ex.") No.  1).**

14.      AUSA Nathan is the Attorney of Record in this case mentioned above that is still pending before the Court regarding Ferguson's restitution payments.  **see (ECF Nos. 702. 703, 704, 705, 706, 707, 708).**

15.      Notwithstanding, in her letter AUSA Nathan reiterates that her office is "responsible for enforcing and collecting … outstanding debt …," so  she "enclosed forms … [with] … attachments …"  as well as a request for Ferguson's "last two income tax returns, schedules, and form …." due by "Friday, June 6, 2025. "  **Def. Ex.. No. 1.**

16.      Her letter also directs Ferguson to "provide proof of employment/disability/pension, benefits, copies of bank statements, and supporting documentation listed in the enclosed documents." **Id.**

17.      Her letter further  states that "pursuant to the enclosed subpoena, **DEMAND IS HEREBY MADE FOR YOU TO ATTEND AN IN PERSON JUDGMENT DEBTOR'S EXAMINATION AT THE UNITED STATES ATTORNEYS' OFFICE ON WEDNESDAY, AUGUST 27, 2025, AT 10:00 AM…"   Id.**

18.      **The subpoena** does not use the Caption above to the instant case to which AUSA Nathan is attorney of record, but instead states that this Court issued the subpoena, and that the United States of America is Plaintiff.  **Def. Ex. No. 2.**

 19.      This is also an attempt to **start a separate action** from what is pending in the instant case.   Specifically, the Subpoena's Title is denoted as a "**Subpoena To Testify At A**

**Deposition In A Criminal Case."** **Id.** The Court issued the restitution judgment during Ferguson's criminal proceedings. However, AUSA Nathan knows that Ferguson has served his sentence and was discharged from Supervised Release on April 29, 2024. **(ECF No. 705 @ Pg ID 18965 @ para. 12).**

20.     Therefore, enforcing satisfaction of the restitution judgment is generally conducted under the Federal Rules of Civil Procedure, not Criminal Procedure.     **see 18 U.S.C : 3631(f) ("In accordance with Section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.").**

21.     Hence, the "Subpoena to Testify at a Deposition in a Criminal Case" is misnomer and misleading, as it is not needed where the issues in the **civil proceeding pending before the Court** includes the Government's request for more financial information and its recommendation to increase the restitution pay rate from $100.00 per month to $500.00, a 400 % increase.

22.     Indeed, in her filings, AUSA Nathan stated that **"updated financial information"** in the forms provided to Ferguson to complete are sufficient to assess Ferguson's "**ability to pay and recommend a payment plan …"** to the Court.   **(EFC No. 705 @ Pg. ID 18966, para. 15-16).**

23.     In fact, AUSA Nathan requested the Court "continue … [Ferguson's] Motion until May 1, 2025, to: 1) provide time for [Ferguson] to complete the financial questionnaire and provide the supporting documents to the United States,  2) an opportunity for the United States to review [Ferguson's] submission, and  3) report its finding to the Court. **Id.**

24.     Therefore, AUSA Nathan's **recent** Subpoena/Deposition demand is not predicated on an actual need to obtain Ferguson's financial information; rather, it is intended to "**retaliate" by**

placing an **"undue burden"** on Ferguson for exercising his right to move the Court to Order the USAO to provide a record of the "source and amounts of his restitution payments and based on that information to modify the amount, if any, and schedule for such payments. **(ECF No. 18954).**

25.     Simply put, AUSA Nathan did not like Ferguson's initial motion or his replies to her responses, so she  contended that (1)  on March 3, 2025, and April 8, 2025, the USAO requested updated financial information from Ferguson to assess his payment ability and Ferguson failed to reply; (2) that since termination of Feguson's Supervised Release on April 29, 2024, "Ferguson failed to adhere to **even** a de minimis payment plan or to respond to the USAO with update concerning his current financial conditions; (3) that his last payment of $200.00 was received on March 11, 2025, and that no other payments in 2025 have been received." **(ECF No. 18978 @ para 2-3) (emphasis added).**

26.     Ferguson did not fail to reply to the Government March 3rd, and April 8th, 2025 requests for updated financial information, nor did he fail to adhere to his de minimis payment plan.

27.     Indeed, AUSA Nathan acknowledges the Government received Ferguson's last payment of $200.00 on March 11th, 2025.  **Id.**

28.     In fact, Ferguson's electronic payment receipts indicate that the $200.00 payment was for the months of March 2025 and April 2025, respectively.  **see (ECF No. 708, Exhibits 1 & 2).**

 29.    AUSA  Nathan  acknowledged  that  Ferguson's  current  restitution  balance  is **$2,619,759.55**. **(ECF No. 707 @ Pg. ID 18978, para. 3).**   Although Ferguson "diametrically rejects" this balance, in arguendo, this balance means Ferguson has paid more than ⅔ of his 7 million  dollar  restitution,  which  reveals  the  disingenuous  nature  of  AUSA  Nathan's

6

**subpoena/deposition demand**.

30.     Simply put, AUSA Nathan is **not acting in good faith to enforce Ferguson's restitution payments;** rather she is trying to create a means to subject Ferguson to contempt and sanctions by using a subpoena to place an "**undue burden**" on Ferguson to appear on **August 27, 2025 f**or a needless deposition with an intent that the burden causes Ferguson not to comply with **"commands"** of the subpoena that she composed.     **see Fed R. Civ. P, Rule 45(C)(3) ("The clerk must issue a subpoena, signed but otherwise blank, to a party who requests it.  That party must complete it before service.  An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.").**

31.     Ferguson has requested the Court **Quash** this needless Subpoena that demands his appearance on **AUGUST 27, 2025, AT 10:00 AM, pursuant  to Rule 45(d)(1) (** "[a] party or attorney responsible for issuing and serving a subpoena **must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction … on a party or attorney who fails to comply.")**

32.     Today is August 18, 2025, nine (9) days from the August 27th deposition, and the Court has yet to rule on this pending motion to quash.

33.     Ferguson is proceeding pro-se, so a pretrial conference under Federal Civil Procedure Rule 16 has not been scheduled or contemplated for this matter.

34.     Accordingly, in order to prevent rendering as  moot the relief requested  on the pending Motion to Quash, Ferguson  respectfully requests the Court expedite its ruling.

7

## C O N C L U S I O N

**WHEREFORE,** for the reasons above Defendant respectfully requests the Court issue an Order to Quash the Subpoena along with the  other related  papers that are sufficiently addressed in the restitution matter pending before this Court.


Date: August 18, 2025


/s/ Bobby Ferguson
Defendant/Pro-se
18944 Bretton Street
Detroit, MI. 48223