UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                         Case No.: 10-20403
                                               Hon. Nancy G. Edmunds

**vs.**

**BOBBY W. FERGUSON,**

      **Defendant.**
_____/

### MOTION TO STAY DEPOSITION UNTIL PENDING
### MOTION TO QUASH SUBPOENA IS DECIDED

      **NOW COMES, Defendant, Bobby W. Ferguson ("Ferguson"),** acting pro-se, moves this Honorable Court to "Stay"" Deposition scheduled for August 27, 2025, until the pending Motion to Quash Subpoena for the Deposition is decided.   In support, the following is respectfully submitted.

1.    On February 18, 2025, Ferguson filed a Motion for the Record of and to Modify Restitution Payments; he requested the Court to order the government to provide a record of his restitution payment, the source of such payments, and the balance due on restitution.   **(ECF No. 702).**

2.    On February 24, 2025, the Court Ordered the government to file a response by March 10, 2025.  **(ECF No. 704).**

3.    On March 7, 2025, the Government filed its response, but the Account History of Ferguson's restitution payments was **devoid of details to determine the source of the**

**payments** or to identify payments made by Ferguson. **(ECF No. 705)**.

4. On March 11, 2025, The Court Ordered the government to file a supplemental response by May 1, 2025. **see Docket 03/11/2025.**

5. Ferguson filed his reply to the Government's response on March 21, 2025, wherein he identified the errors, mistakes, and inaccuracies in his Restitution Payment History that the Government provided and refuted the government's claim that he had not complied with the **extant payment scheduled** approved by Probation and authorized by the Court. **(ECF No. 706 #@ Pg ID 18972-18975).**

6. The Government filed its Supplemental Brief on May 1, 2025, wherein it alleged, in pertinent part:: (1) Ferguson had not completed the updated financial information forms it sent to him on March 3, 2025, and April 6, 2025; (2) that without this information it can not assess his payment ability; (3) that "[s]ince the termination of his supervised release, Ferguson has failed to adhere to even a de minimis payment plan or respond to the USAO with updates concerning his current financial condition; (4) that ''[h]is last payment of $200.00 was received on March 11, 2025 …," (5) that no other payments in 2025 have been received; (6) that "[a]s of May 1, 2025, [Ferguson's] balance is **$2,619,759.55."**   **(ECF No. 707 @ Pg. ID 18977-18978);** and (7) that "[t]he Attorney General is responsible for the collection of restitution, and the Clerk is the official recordkeeper of payments received." **(ECF No. 707 @ Pg. ID. 18979-18980).**

**7.** The government further claimed that Ferguson manages two companies but had not reported income from either entity to the USA and that "[t]he Attorney General is responsible for the collection of restitution, and the Clerk is the official recordkeeper of payments received." **(ECF No. 707 @ Pg. ID. 18979-18980).**

2

8. The government concluded that **"[t]he only outstanding issue is Ferguson's payment of that restitution, which the Government recommends a rate of $500.00 a month until other information is received." Id. @ Pg. ID 18980 (emphasis added).**

9. On May 15, 2025, Ferguson filed a Surreply to the Government's Supplement Brief, wherein he clarified that the recent $200.00 payment was for the months of February and March 2025 and that the government's claim that these payments were delinquent was designed disingenuously to demonize Ferguson. **(ECF No. 708 @ ;p. 3-4).**

10. Ferguson provided documents to show he completed the financial information form provided by the government and did adhere to a de minimis payment plan. **Id. @ p. 4, para 16.**

11. Ferguson also demonstrated that the USAO does have a duty to maintain accurate record of the restitution collected from him and others under the Federal Records Act (**"FRA"**). **see 44 USC : 3101.**

12. For relief, Ferguson requested the Court deny the government''s request to increase his monthly **restitution rate from $100 to $500** and to instruct the government to provide him a more detailed record of his Payment History and the source of those payments. **Id. @ 6.** This matter is still **pendin**g before the Court.

13. On May 16, 2025, Assistant United States Attorney ("AUSA") Jessica A. Nathan (TX Bar 24090291), sent Mr. Ferguson a letter that in relevant part recounts the Court restitution judgment of **$6,284,000.00.,** and indicates the outstanding balance as of May **15, 2025, is $2,619,559.55. see {Defendant's Exhibit ("Def. Ex.") No. 1).**

14.     AUSA Nathan is the Attorney of Record in this case mentioned above that is still pending before the Court regarding Ferguson's restitution payments.   **see (ECF Nos. 702. 703, 704, 705, 706, 707, 708).**

15.     Notwithstanding, in her letter AUSA Nathan reiterates that her office is "responsible for enforcing and collecting … outstanding debt …," so  she "enclosed forms … [with] … attachments …"  as well as a request for Ferguson's "last two income tax returns, schedules, and form .…" due by **"Friday, June 6, 2025.** " **Def. Ex.. No. 1.**

16.     Her letter also directs Ferguson to **"provide proof of employment/disability/pension, benefits, copies of bank statements, and supporting documentation listed in the enclosed documents." Id.**

17.     Her letter further  states that "pursuant to the enclosed subpoena, **DEMAND IS HEREBY MADE FOR YOU TO ATTEND AN IN PERSON JUDGMENT DEBTOR'S EXAMINATION AT THE UNITED STATES ATTORNEYS' OFFICE ON WEDNESDAY, AUGUST 27, 2025, AT 10:00 AM…"    Id.**

18.     The subpoena and its ordered deposition is "**premature**" as the information that the Government seeks to depose Ferguson for is at issue in the pending Motion for the Record  and to Modify Restitution Payments.   **see (ECF No. 702, 705, 706).**

19.      Ferguson has also filed a "Motion to **Quash** the **Subpoena** To Testify At A Deposition in a Criminal Case" and a **"Motion to Expedite"** the same, both of which are  pending before the Court.   **see (ECF Nos. 709, 713).**

20.     Indeed, in her filings, AUSA Nathan stated that **"updated financial information"** in the forms provided to Ferguson to complete are sufficient to assess Ferguson's **"ability to pay and recommend a payment plan …"** to the Court.   **(EFC No. 705 @ Pg. ID 18966, para. 15-16).**

21.     In fact, AUSA Nathan requested the Court "continue … [Ferguson's] Motion until May 1, 2025, to: 1) provide time for [Ferguson] to complete the financial questionnaire and provide the supporting documents to the United States,  2) an opportunity for the United States to review [Ferguson's] submission, and  3) report its finding to the Court.  **Id.**

22.     Therefore, AUSA Nathan's **recent** Subpoena/Deposition demand is not predicated on an actual need to obtain Ferguson's financial information; rather, such arguably places an **"undue burden"** on Ferguson for exercising his right to move the Court to Order the USAO to provide a record of the source and amounts of his restitution payments and based on that information to modify the amount, if any, and schedule for such payments.  **(ECF No. 18954).**

23.     AUSA Nathan acknowledged that Ferguson's current restitution balance is **$2,619,759.55**. **(ECF No. 707 @ Pg. ID 18978, para. 3).**   Although Ferguson "diametrically rejects" this balance, in arguendo, this balance means Ferguson has paid more than ⅔ of his 7 million dollar restitution, which reveals the disingenuous nature of AUSA Nathan's **subpoena to depose** Ferguson as if he is delinquent or behind in his scheduled payments.

24.     Simply put, AUSA Nathan is **not acting in good faith to enforce Ferguson's restitution payments;** rather she is trying to create a means to subject Ferguson to contempt and sanctions by using a subpoena to place an "**undue burden**" on Ferguson to appear on **August 27, 2025** for a needless deposition with an intent that the burden Ferguson to retain

counsel to comply with **"commands"** of the subpoena that she composed. **see Fed R. Civ. P, Rule 45(C)(3) ("An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.").**

25.    **Rule 45(d)(1) provides:** "[a] party or attorney responsible for issuing and serving a subpoena **must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction … on a party or attorney who fails to comply."**

26.    Rule 26(c) governs protective orders and provides, in relevant part:  "A party or person from whom discovery is sought may move for a protective order to prevent or limit a deposition."

27.    Rule 45(d)(3)(A)(iv), supports Ferguson's pending motion to quash the subpoena.

28.`    Accordingly, for good cause shown, Ferguson submits that a stay of the deposition scheduled for August 27, 2025 is warranted.

## C O N C L U S I O N

**WHEREFORE,** for the reasons above Defendant respectfully requests the Court issue an Order to Stay the August 27, 2025 Deposition, until the pending motions named above are decided on the merits.


Date: August 22, 2025

6

<u>/s/ Bobby Ferguson</u>
Defendant/Pro-se
18944 Bretton Street
Detroit, MI. 48223