UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BOBBY W. FERGUSON (D-2),

        Defendant.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTIONS REGARDING RESTITUTION [702, 703] AND DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA [709]**

The matter is before the Court on Defendant Bobby W. Ferguson's pro se motions "for the record of and to modify restitution payments." (ECF Nos. 702, 703.) The government's response to these motions sought additional time to allow Defendant to complete a financial questionnaire and provide certain supporting documents and to give the government an opportunity to review the submission and report its findings to the Court. (ECF No. 705.) The Court issued a text-only order providing the government with the time requested to file a supplemental response. Defendant then filed a reply (ECF No. 706), the government filed its supplemental brief (ECF No. 707), and Defendant filed a sur-reply (ECF No. 708). Following this briefing, the government issued a subpoena for Defendant to testify at a deposition on August 27, 2025. Defendant moves to quash the subpoena. (ECF No. 709.) The government opposes the motion (ECF No. 711), and Defendant has replied (ECF No. 712).[1] The Court has reviewed the record and finds that

---

[1] Defendant recently filed a motion to expedite the ruling on the motion to quash the subpoena (ECF No. 713) and a motion to stay the deposition until the motion to quash is decided (ECF No. 714). The issuance of this order renders these motions moot.

1

a hearing is not necessary. For the reasons below, the Court DENIES Defendant's motions.

I.     **Background**

On March 11, 2013, a jury found Defendant guilty of nine of the eleven counts he was charged with. (ECF No. 277.) The Court imposed a custodial sentence on Defendant and ordered him to pay restitution in the amount of $6,284,000.00 to the Detroit Water & Sewerage Department ("DWSD"), $4,534,423.00 of which was to be paid jointly and severally with his co-defendant Kwame Kilpatrick. (ECF No. 519, PageID.16479, 16481.) The Sixth Circuit affirmed Defendant's and Kilpatrick's convictions and sentences, but it reversed the Court's restitution award against Kilpatrick to DWSD.[2] *See United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015). This did not impact the restitution award entered against Defendant, who did not raise any argument regarding his restitution on appeal. Later, the Supreme Court denied Defendant's petition for a writ of certiorari, (ECF No. 575), this Court denied Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 as well as a motion for reconsideration of that denial, (ECF Nos. 624, 634), and the Sixth Circuit denied Defendant a certificate of appealability, (ECF No. 668).

On April 29, 2021, this Court granted Defendant's motion for compassionate release and reduced the custodial portion of his sentence to time served. (ECF No. 682.) The order granting compassionate release did not alter either the three-year term of supervised release imposed at the time of sentencing or this Court's restitution order.

---

[2] On remand, the Court ordered Kilpatrick to pay restitution to DWSD in the amount of $1,520,653.50. *United States v. Kilpatrick*, No. 10-20403, 2017 U.S. Dist. LEXIS 140562, at *1 (E.D. Mich. Aug. 31, 2017). The Sixth Circuit affirmed the revised award. *United States v. Kilpatrick*, 749 F. App'x 442, 443 (6th Cir. 2018).

(*See id.*) Defendant has completed his term of supervised release, during which he was ordered to make $100.00 monthly payments towards his restitution. Defendant brought the present motions regarding his restitution in February of 2025.

## II.     Defendant's Motions Regarding Restitution

Defendant states in his motions that he is seeking a record of "all restitution payments, including in-kind payments, the balance due, if any, and the current schedule for any remaining obligations, and the interest payments applied or due." In its response, the government explained that $3,652,529.64 was applied to Defendant's special assessment and restitution balance following forfeiture and restoration proceedings. Due to intermittent monthly payments made by Defendant ranging from $25.00 to $200.00, as of March 3, 2025, Defendant's balance was $2,619,959.55.[3] In its supplemental brief, the government states that Defendant did not respond to requests made on March 3, 2025, and April 8, 2025, for updated financial information. The government also explains that interest has never been added to the restitution owed and that to the extent the payment report states, "with interest," this was a clerical error. The government notes that based on public records, it appears that Defendant manages two companies, but he has never reported income from either entity. The government has since required Defendant to make an increased payment of $500.00 per month. (*See* ECF No. 712-1.)

While Defendant states that he is seeking an accurate restitution balance, his motions read in large part as a challenge to the restitution order itself. Indeed, Defendant asserts that he should only be held responsible for the amount Kilpatrick was ordered to pay following the remand from the Sixth Circuit. But Defendant did not challenge his

---

[3] Due to additional payments made, the current balance is $2,612,655.48.

3

restitution order on appeal. Defendant states that he argued in his § 2255 motion that his counsel was ineffective for not joining Kilpatrick's challenge to the amount of restitution on appeal but that this Court did not rule on this claim. Defendant may have been unsatisfied with the Court's ruling on his § 2255, but he filed a notice of appeal to the Sixth Circuit and that court denied a certificate of appealability. Thus, Defendant cannot challenge the restitution amount here.

Defendant invokes 18 U.S.C. § 3664(k), which states that a court may "adjust the payment schedule[] or require immediate payment in full" of a restitution order "as the interests of justice require." This statutory provision does not permit modification of "the overall *amount* of restitution." *See United States v. Holley*, No. 19-5492, 2020 U.S. App. LEXIS 2887, at *4 (6th Cir. Jan. 29, 2020) (emphasis in original). And while it allows for modification of a payment schedule, it requires a particular procedure, including notification to the victim, that does not appear to have been adhered to here. *See United States v. Wisdom*, No. 14-20359, 2021 U.S. Dist. LEXIS 205192, at *3-5 (E.D. Mich. Oct. 25, 2021). Moreover, courts have found this provision inapplicable when they did not set a payment schedule in the first place. *See, e.g.*, *United States v. Burrell*, No. 21-cr-20393-1, 2025 U.S. Dist. LEXIS 75708, at *4 n.1 (E.D. Mich. April 21, 2025). Here, Defendant's judgment states that restitution is to be paid at a rate and schedule recommended by the probation department and approved by the Court, but Defendant is no longer under the supervision of the Court. As the government notes, the United States Attorney's Office's Financial Litigation Program enforces restitution judgments. And even if § 3664(k) is applicable, the Court does not find that "the interests of justice" require its intervention at

4

this stage when the government is still collecting the information needed to ascertain Defendant's ability to pay.

In sum, to the extent the current balance of Defendant's restitution has been revealed during this proceeding, his motions are moot. To the extent Defendant seeks additional detail or a modification of the restitution amount or payment schedule, the motions are denied.

### III.     Defendant's Motion to Quash Subpoena

Defendant argues that the subpoena was issued in bad faith and as retaliation for filing the motions regarding restitution. While the government did not initiate a separate action to enforce the judgment, "collection mechanisms, including civil procedures, may be utilized by the Government in federal court in the same criminal case in which the district court ordered the payment of restitution." *See United States v. Gallion*, 504 F. App'x 373, 377 (6th Cir. 2012). And even though the subpoena was issued after Defendant filed his motions, this does not warrant quashing the subpoena. The Mandatory Victims Restitution Act provides that all available and reasonable means are appropriate in enforcing an order of restitution. *See* 18 U.S.C. § 3664(m)(1)(A). And a significant balance remains here. Moreover, the government avers that Defendant did not respond to its latest requests for information and additional information is needed.

Federal Rule of Civil Procedure 26(c) permits courts to issue a protective order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "To show good cause, a movant for a protective order must articulate specific facts showing clearly

5

defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* at 500 (quotation marks and citation omitted). Defendant has not articulated specific facts that show he would suffer injury or undue burden as a result of the deposition. Thus, Defendant's motion to quash the subpoena is denied.

## IV.     Conclusion

For the foregoing reasons, Defendant's motions are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 26, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 26, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager
