# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                         Case No.: 2:10-CR-20403

v                                       Hon. Nancy G. Edmunds

D-2   BOBBY W. FERGUSON, et al.,

      Defendant(s).

_____/

## UNITED STATES' MOTION FOR ORDER REQUIRING EXAMINATION OF JUDGMENT DEBTOR

COMES NOW, Plaintiff, the United States of America, by and through Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, requesting the Court issue an order requiring the Defendant, Bobby W. Ferguson, to appear and testify at a judgment debtor examination in aid of execution of this Court's January 15, 2014, Judgment Order (ECF No. 519) and to produce those documents listed herein at **Exhibit A** not less than fourteen (14) business days in advance of the examination. In support of its Motion, the United States represents the following:

1. A Judgment was entered by this Court on January 15, 2014, in favor of the United States and against the judgment debtor, Bobby Ferguson, for the

1

amount of $6,284,000.00, without interest (hereinafter referred to as the "Judgment"). ECF No. 519, at PageID.16479.

2. Specifically, the Court ordered Ferguson, to pay restitution at a rate and schedule recommended by the probation department and approved by the Court during his period of supervised release. *Id.*, at PageID.16478.

3. Ferguson's term of supervised release has expired. Since the expiration of Ferguson's supervision on April 28, 2024, he has paid approximately $100.00 a month towards his outstanding restitution. Ferguson's restitution balance as of August 27, 2025, is **$2,612,655.48**.

4. On March 3, 2025, and April 8, 2025, the United States requested Ferguson provide updated financial information. No response was received.

5. On May 16, 2025, the United States sent a third request to Ferguson to complete financial disclosures. Ferguson was also notified to appear at the United States Attorney's Office for an in-person examination of his financial circumstances on August 27, 2025, at 10:00 am.

6. Ferguson did not provide the requested information, and from May 29, 2025, to August 25, 2025, attempted to quash the United States' subpoena. *See* ECF No. 709, 712-14.

7. On August 26, 2025, the Court denied Ferguson's Motions Regarding Restitution [702, 703] and Motion to Quash Subpoena [709]. ECF No. 715.

2

8. On August 26, 2025, after hours, the undersigned received a phone call from Ferguson's counsel requesting a one-week continuance on the basis of counsel's scheduling conflict. Due to the late notice and coordinating of multiple schedules, the undersigned denied the request. Ferguson's counsel has entered an appearance on the docket. ECF No. 716.

9. On August 27, 2025, Ferguson checked in at the front desk of the United States Attorney's Office shortly after 9:00 am and without explanation left prior to 10:00 am. In accordance with L.R. 7.1, the undersigned contacted Ferguson's counsel via email and provided an update of Ferguson's actions and requested consent to the parties' appearance before the Court for a debtor's exam. As of filing, the parties have not discussed the matter.

10. Prior to August 27, 2025, the United States has attempted to obtain information concerning Ferguson's current economic circumstances without the assistance of the Court.

11. Upon information and belief, Ferguson resides within the jurisdiction of this Court.

12. The Judgment has not been satisfied, vacated, reversed, or barred by the statute of limitations and is one on which execution may properly issue.

13. The District Court maintains continuing jurisdiction over the same criminal case in which the restitution order was imposed, and a new civil

action need not be opened for enforcement proceedings. *See United States v. Gallion*, 504 F. App'x 373, 377 (6th Cir. 2012) ("[C]ollection mechanisms, including civil procedures, may be utilized by the Government in federal court in the same criminal case in which the district court ordered the payment of restitution."); *see also* 18 U.S.C. §§ 3663A(d), 3664(m); 28 U.S.C. §§ 3003(b)(2), 3015.

I. **RELIEF SOUGHT.**

14. The United States seeks a post-judgment debtor examination and requested documents at **Exhibit A** for purposes of enforcing the Court's Judgment and to assess Ferguson's, assets and ability to pay the remaining unpaid restitution.

15. Upon completion of the judgment debtor examination, the United States intends to seek a Revised Payment Order concerning Ferguson's restitution obligation.

II. **GOVERNMENT COMPLIANCE.**

16. The United States moves to enforce the Judgment in compliance with 18 U.S.C. § 3612(c) and proceeds pursuant to Fed. R. Civ. P. 69 in seeking to execute the Court's Judgment by obtaining discovery related to the financial condition of Ferguson.[1] In this case, the United States seeks to

---

[1] The Government is allowed to use the civil discovery process to investigate the

4

conduct a judgment debtor exam under the Federal Rules of Civil Procedure.[2]

17. The United States has attempted to resolve this issue with Ferguson, without Court interference on March 3, 2025, April 8, 2025, and May 16, 2025.

18. The United States has made reasonable attempts to resolve this issue without the Court's intervention.

### III.    GUIDANCE.

19. The United States requests the Court enter an order requiring Ferguson, to appear and testify at a judgment debtor examination in aid of execution of the Judgment.

20. Based on the Court's setting of date and time, Ferguson will be sworn in by an officer of the Court and a representative of the United States will

---

judgment debtor's assets. 18 U.S.C. § 3612(c) provides: "The Attorney General shall be responsible for collection of . . . restitution." Fed. R. Civ. P. 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located."

[2] *See* 18 U.S.C. §§ 3613(a), 3663A(d), 3664(m)(1)(A)(i). The Federal Debt Collection Practices Act, 28 U.S.C. § 3001, *et seq.*, provides that the Government may "have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." 28 U.S.C. § 3015.

proceed in questioning Ferguson, as to his assets and ability to pay the unpaid amount of restitution.

21. Failure on the part of Ferguson to provide all documents listed at **Exhibit A** may result in additional examination at a later date, and/or a show cause hearing.

22. Upon completion of the judgment debtor examination, the United States will seek a Revised Payment Order concerning Ferguson's restitution obligation.

WHEREFORE, the United States of America respectfully requests this Court enter an order requiring the judgment debtor, Bobby Ferguson, to appear and testify at a judgment debtor examination for the reasons set forth herein, and directing the judgment debtor, Bobby Ferguson, to produce the documents listed at **Exhibit A** not less than fourteen (14) business days prior to the examination.

Respectfully submitted,

JEROME F. GORGON, JR.
U.S. ATTORNEY

By: <u>s/ Jessica A. Nathan</u>
JESSICA A. NATHAN
Assistant U.S. Attorney
U. S. Attorney's Office,
Eastern District of Michigan
TX Bar No. 24090291
211 W Fort St., Ste. 2001
Detroit, MI 48226
T: 313-226-9643
E: Jessica.nathan@usdoj.gov

7

## EXHIBIT A

*(List of documents needed prior to debtor examination)*

1. Current earnings statements from your 6 most recent paychecks.

2. Copies of personal and business income tax returns for the three previous years.

3. Copies of all personal and business checking, savings and trust accounts for the past three years.

4. All records and statements for certificates of deposit, savings bonds, stocks, bonds, coupons and mutual funds.

5. Copies of utility bills, including electric, gas, water and phone, as well as bills for any unusual or large expenses (such as medical bills which you have paid during the past 12 months).

6. Copies of all deeds, leases, contracts or other documents representing any ownership interest you have in any real property, and all deeds of trust, mortgages or other documents evidencing encumbrances of any kind on your real property.

7. All records establishing your ownership interest in any property, real or personal, in the possession of or in the name of any person or corporation.

8. Recent (*i.e.*, within the last 24 months) real estate appraisals for any ownership interest you have in any real property.

9. A list of all your real estate transferred since payment of this debt was demanded and all records establishing the transfer and the value received.

10. All leases, notes receivable, liens, contracts and other documents evidencing income, dividends or royalties owed or paid to you.

11. All records establishing ownership in all or part of any business as sole owner, partner, or stockholder and the financial condition of such business for the last 3 years including a statement of assets, inventories, liabilities,

gross or net income and the amount of any undistributed profits in the business.

12. A copy of the most recent financial statement tendered to any financial institution in conjunction with a loan application.

13. All receipts, appraisals, and other statements or documents establishing your ownership and value of jewelry and furs owned by you.

14. All life insurance policies currently in effect and all records evidencing their face value and cash surrender value.

15. Copy of title or license of automobile owned by you, your spouse, or any other person.

16. All records evidencing your receipt of any pension, disability compensation, retirement pay, or benefits from the United States of America.

17. An itemized list of all items owned and used in your trade or business and all records or documents indicating the value of such items.

18. A schedule of all regular expenses paid by you, such as installment debts, food, utilities, etc. including the amount paid, the payee and, if an installment debt, the amount of debt owing and security pledged.

19. Recent (*i.e.,* within the last 24 months) real estate appraisals for any ownership interest you have in any real property.

## CERTIFICATE OF SERVICE

    I, Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, do hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

                                                        /s/ Jessica A. Nathan
                                                        JESSICA A. NATHAN
                                                        Assistant United States Attorney

Date: August 27, 2025