UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

BOBBY W. FERGUSON (D-2),

    Defendant-Petitioner.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

## MOTION FOR RECONSIDERATION

**NOW COMES**, Plaintiff **Bobby Ferguson** ("Ferguson"), acting pro-se, and pursuant to the Rule 59(e) of the Federal Rules of Civil Procedure, moves the Court to reconsider the Order entered on December 2, 2025 ("**Order**"), denying the **Motion For Relief From Judgment under Federal Rule 60(b)(6), that challenge the "integrity of his 2255 proceedings" due to the Court's failure to rule on his ineffective assistance of counsel claim set forth in his 2255 motion regarding his appellate counsel's failure to argue on direct appeal the court's error in calculating the amount of his restitution (hereinafter "IAC Claim").** In support, the following is respectfully submitted:

### INTRODUCTION

Ferguson contends that reconsideration is warranted to allow the Court to correct the following factual and legal errors: (1) that "a review of **the underlying motions reveals** that the issue of restitution was raised within an [IAC claim] for failure to raise sentencing guideline errors on appeal that t**he Court did address-twice.**" **see (ECF No. 721 @ Pg. ID 19135)(emphasis added)**; **(citing ECF No. 596, PageID.17338; ECF No. 624, PageID.17834-36; ECF No. 627, PageID.17858-59; ECF No. 634, PageID.17891-92.)**; (2) that "[b]ecause Defendant argues that the Court did not address an argument he raised in his original motion, this motion **should have been brought under Rule 60(b)(1), not 60(b)(6), and**

the one-year time limit applies." Id (emphasis added). (citing Tyler v. Anderson, No. 1:96CV1881, 2013 U.S. Dist. LEXIS 109535, at *14-16 (N.D. Ohio Aug. 5, 2013) (finding the alleged failure to address two claims "a mistake that constitutes inadvertent judicial oversight, falling squarely within a plain reading of Rule 60(b)(1)"); (3) that "[e]ven if Defendant's motion was not untimely, it would still be denied [because] the Sixth Circuit has held that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" because "almost every conceivable ground for relief is covered" in those subsections. Id. @ Pg. ID 19136 (citing Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (quotation marks and citations omitted) and (4) that "Defendant claims that the restitution amount is subjecting him to harassment …. As examples of so-called harassment Defendant cites to the government's efforts to enforce the judgment entered against him."   Id.

## LEGAL ARGUMENTS

**Standard of Review:**

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  **see Bass v. U.S. Dep't of Agric.,, 211 F.3d 959, 962 (CA 5, 2000).**  A motion for reconsideration filed within twenty-eight days of the judgment will be recharacterized as a motion to alter or amend the judgment and will be construed pursuant to Rule 59(e).  **Shepherd v. Int'l Paper Co., 372 F.3d 326 327 n.1 (CA 5, 2004)**; see  also  *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982).  A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. **Id.**  A Rule 59(e) analysis is more generous to the party seeking relief as it saves the motion from the "exacting substantive requirements" of Rule 60(b). **Lavespere v. Niagara Mach. & Tool Works, Inc. 910 F.2d 167, 173-74 (CA 5 1990), abrogated on other grounds by Little v. Liquid Air.**

2

**Corp., 37 F.3d 1069 (CA 5, 1994) (en banc); see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).**

The Rule enables a district court to "rectify its own mistakes in the period immediately following" its decision." **Banister v. Davis, No. 18-6943 (Slip Op. @ 2) . @ 2. (quoting White v. New Hampshire Dept. Employment Security, 455 U.S. 445, 450 (1982).** "A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence." In re Nosker, 267 B.R. 555, 564 (Bankr. S.D.Ohio 2001). "The burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." Id. at 565.

**(i). Timeliness**

On December 2, 2025, the Court entered an Order denying Ferguson's Rule 60(b)(6) motion. **(ECF No. 721).** Ferguson's instant motion is timely filed within the 28 day period prescribed by Rule 59(e) that does not expire until December 31, 2025. **Rule 59(e); see also Shepherd v. Int'l Paper Co., supra. @ 327, n. 1.**

**(ii). Grounds:**

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." **Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (CA 5, 1989).** A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). **Lavespere v.. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (CA 5, 1990).**

> ` A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary **to correct manifest errors of law or fact upon which the judgment is based;** (2) The movant presents new evidence; (3) **the motion is necessary in order to prevent manifest injustice;** and, (4) the motion is justified by an intervening change in the controlling law.

**(Jupiter v. BellSouth Telecommunications, Inc., No. 99-0628, 1999 WL 796218, @ *1 (E.D. La., Oct. 5, 1999) (Vance J.) (emphasis added).** "The Court must strike the proper balance between the need for finality and the need to render just decisions on the *basis of all the facts."* **Edward H. Bohlin Co., v. Banning Co., 6 F.3d 350, 355 (CA 5, 1993) (emphasis added).**

Application:

Ferguson relies on the criteria set forth above in  numbers: (1) that "the motion is necessary **to correct manifest errors of law or fact upon which the judgment is based"** and (3) "**the motion is necessary in order to prevent  manifest injustice."**

A. The District Court's Decision is Based on Manifest Errors of Law and Fact:

As  noted above, the Court erred in holding that "a review of **the underlying motions reveals** that the issue of restitution was raised within an ineffective assistance of counsel claim for failure to raise sentencing guideline errors on appeal that t**he Court did address-twice.**" **(ECF No. 721 @ Pg. ID 19134-35).**    Specifically, it is "**axiomatic**" that courts speak by their judgment and orders, not by commentaries, or even oral pronouncements.    *In re: The V&M Management, Inc.*, 513 F.3d 600, 608 (6th Cir. 2008).  In this case, the court noted that "it is a fundamental rule that **a court speaks through its orders and judgments**, and its oral pronouncements and memorandums are not binding." This is an important distinction, particularly in the Sixth Circuit, which covers the states of Kentucky, Michigan, Ohio, and Tennessee, and emphasizes that the official, formal record (the signed orders and final judgments) is what constitutes the court's action, **not informal statements o**r dicta." (**emphasis added)**.  Contrary to the Court's December 2nd holding, the **Court's order** denying the 2255 motion, the motion for reconsideration, and the motion for clarification, did not "**formally decide**" Feguson's claim that appellate counsel was ineffective for not appealing  this court's erroneous calculation of the amount of his restitution, **on the merits**.   Accordingly, this motion for reconsideration is necessary **to correct manifest errors of law or fact upon which the**

4

**Court's December 2, 2025, judgment and order held that the Court twice decided this Ferguson's IAC claim.** Stated differently, the Court has not provided an **order or judgment** to establish a final order was entered denying Ferguson's IAC claim. Therefore, reconsideration is warranted.

Similarly, the Court held that "**this motion should have been brought under Rule 60(b)(1), not 60(b)(6), and the one-year time limit applies…,**" is also **"based on manifest errors of law and fact."** In **Gonzalez**, the Court expressly tied the "**reasonable time**" requirement to the one-year ceiling for all of the grounds listed in **Sections 60(b)(1)-(5)**. **Gonzalez, supra. @ 528.** Section (b)(6), has no expressed statutory ceiling, but the filing still must satisfy the "**reasonable time**" requirement of **Section 60(c)(1)**. Courts treat Section (b)(6) as a **"catch-all"** that permits relief **outside the one-year rule** provided the movant shows **extraordinary circumstances to excuse any delay. see Gonzalez, supra @ 532-33; Johnson v. Bell, 605 F.3d 333, 337 (CA 6, 2010). Gonzalez** qualifies the use of Rule 60(b)(6) for cases **challenging the integrity** of habeas proceedings, and **Johnson**, affirms that such a challenge is applicable to 2255 proceedings.

Moreover, the Court's holding that **"Defendant acknowledges that a Rule 60(b)(6) motion must be brought "within a reasonable time" but provides no reasonable basis for the delay…," (ECF No. 721 @ Pg. ID 19136),** is also clearly erroneous. Ferguson clearly argued that "Section (b)(6) as a **"catch-all"** that permits relief **outside the one-year rule** provided the movant shows **extraordinary circumstances to excuse any delay. (ECF No. 720 @ pg. 4-5.**

**B.  The Motion is Necessary in Order to Prevent  Manifest Injustice:**

Finally, the Court's holding that "**Defendant claims that the restitution amount is subjecting him to harassment** …," **misapprehends** what Ferguson argued. Ferguson argued that "the Sixth Circuit in **Johnson v. Bell,** expressly recognized that a Rule 60(b)(6) motion can be entertained when a sentencing error, including a **miscalculation of restitution**,

5

produces a "**gross miscarriage of justice.**" **Id. @ 333, 337**. **Id.** He further argued that **in United States v. Spence,** the Sixth Circuit held that **an over-calculated restitution amount,** which rendered the overall sentence longer than authorized, **was a basis for a Rule 60(b)(6) motion. Spence, 994 F.3d 130 (CA 6, 2021) (emphasis added). Id.** Ferguson's claim is not the resulting harassment by the Government to enforce the judgment, **rather he contends that a correct calculation of the amount of restitution would demonstrate that he has fully paid and satisfies the amount of restitution that is attributable to the DWSD losses. Id. @ p. 7** (**"Collectively, these facts illustrate why the unresolved error in calculating Ferguson's restitution amount constitutes a gross "miscarriage of justice.")**

## C O N C L U S I O N

**WHEREFORE,** for the reasons above Defendant respectfully requests the Court reconsider its December 2, 2025 Order denying the Motion for to Reopen the 2255 proceedings to decide his IAC claim, on the merits.

Date: December 16, 2025

/s/ Bobby Ferguson
Petitioner/Pro-se
18944 Bretton Drive
Detroit, MI. 48223

6