UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOBBY W. FERGUSON (D-2),

    Defendant.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [723]**

In February 2018, the Court denied Defendant Bobby W. Ferguson's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF Nos. 624, 625.) Almost eight years later, in November 2025, Defendant sought relief from that judgment under Federal Rule of Civil Procedure 60(b) in an attempt to challenge the restitution award entered against him. (ECF No. 720.) In that motion, Defendant argued that he had raised an ineffective assistance of counsel claim in his § 2255 motion that the Court did not address. Defendant asked the Court to reopen the proceedings and address the claim. The Court denied Defendant's Rule 60(b) motion, finding it both untimely and not warranting relief. (ECF No. 721.) Defendant now seeks reconsideration of that order under Federal Rule of Civil Procedure 59(e). (ECF No. 723.)

Rule 59(e) authorizes a party to move a court to alter or amend a judgment within 28 days after entry of the judgment.[1] "A Rule 59 motion should only be granted if there

---

[1] The Sixth Circuit "has interpreted the term 'judgment' to refer to a judgment or a final order." *See Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010). "An order denying a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is a final order." *In re Peace*, 581 B.R. 856, 858 (B.A.P. 6th Cir. 2018) (citation omitted).

1

was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted). Defendant takes issue with several aspects of the Court's order and argues that relief is warranted to correct errors of law and fact and to prevent manifest injustice. But while Defendant disagrees with the characterization of the underlying ineffective assistance of counsel claim as a "new" claim,[2] the Court considered and denied Defendant's Rule 60(b) motion, rather than transfer it to the Sixth Circuit. Ultimately, the Court found it untimely. (ECF No. 721, PageID.19135-36.) There was no error in this finding. Nor is there anything in the prior order which supports a claim of manifest injustice. Accordingly, Defendant's motion for reconsideration is DENIED.

  SO ORDERED.

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: January 28, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2026, by electronic and/or ordinary mail.

          s/Marlena Williams
          Case Manager

---

[2] A Rule 60(b) motion that "seeks to add a new ground for relief" is a second or successive habeas motion that must be precertified by the court of appeals. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).