UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Case No. 10-20403

        Plaintiff-Respondent,

                    Honorable Nancy G. Edmunds

v.

BOBBY W. FERGUSON (D-2),

        Defendant-Petitioner.

_____/

**DEFENDANT'S MOTION FOR  A
CERTIFICATE OF APPEALABILITY**

    **NOW COMES,** Defendant-Petitioner, Bobby Ferguson ("Ferguson"), pursuant to 28 USC Section 2253(c)(1)(B); Local Rule 7.1; and Rule 11(a) of the Rules Governing Section 2255 Proceedings ("2255 Rules"), and respectfully request the Court grant a Certificate of Appealability ("COA").    In support, the following is respectfully submitted.

    1.    On or about November 4, 2025, Ferguson filed a Motion for Relief from Judgment,  pursuant to Rule 60(b). **See (ECF No. 720).**

    2.    Ferguson contended that the Court failed to rule on the issue of ineffective assistance of counsel ("IAC") presented in his 2255 motion regarding appellate counsel's failure to appeal the court's miscalculation of the **$6,284,000.00 in** restitution awarded to the Detroit Water and Sewerage Department (DWSD).   **see (ECF No. 720 @ pg. 3-7).**

    3.    Ferguson noted that on direct appeal the Sixth Circuit reversed his codefendant's restitution award, holding that this Court miscalculated that award by considering the amount of that defendant's profits as opposed to the amount of the DWSD's losses.  **Id. (citing See United States v. Kilpatrick, 798 F.3d 365, 388-91 (CA 6, 2015)).**

4.      These facts supported Ferguson's claim that his counsel rendered ineffective assistance on direct appeal because his restitution award was miscalculated just as his codefendant.  **Id. @ pg. 3-7.**

5.      When, as here, a court fails to rule on an IAC claim presented in a defendant's 2255 motion, that claim is properly presented to the court for consideration under Rule 60(b). **see Gonzalez v. Crosby, 545 U.S. 524 (2005)**.

6.      Specifically, the Supreme Court held that a Rule 60(b)(6) motion is not **a successive habeas petition** if it does not assert, or reassert, claims of error in the movant's conviction, **but only challenges the District Court's failure to reach the merits of a claim presented for habeas review.   Gonzalez, supra. @ 524.**

7.      In such cases, the Court held, the district court can decide the issue without **precertification** by the Court of Appeals pursuant to §2244(b)(3).  **Gonzalez, supra. @ 524.**

**8.**      The Court's December 2nd Order denying the Rule 60(b) Motion noted that **"a motion challenging "the District Court's failure to reach the merits" is a "proper" Rule 60(b) motion."  see (ECF No. 721 @ Pg. ID 19134) (quoting Gonzalez, supra. @ 538).**

9.      By contrast, the Court also noted that **"[a] motion that "seeks to add a new ground for relief" is actually a second or successive habeas motion. Id.**

10.      The Court held that Ferguson's motion was a second or successive habeas motion that **"rais[ed] a new ineffective assistance of counsel claim ..," and held that "Court  [did] not have the authority to address it …."    Id.**

11.      Although the Court held it was without authority to address the issue, it still denied Ferguson's motion as untimely.   **(ECF No. 721 @ Pg. 19135).**

12.      Ferguson filed a timely Notice of Appeal, which is docketed by the Sixth Circuit under **Appeal No. 26-1168.**   see Ex. A.

13.      The Court of Appeals held that in order for this appeal to proceed, the district court must issue a certificate of appealability (COA) stating at least one issue for review."  **Id.**

14.     Under Rule 11(a) of the Rules Governing Section 2255 Proceedings ("2255 Rules"), the Court must issue or deny COA when it enters a final order adverse to the applicant.

15.     Because the denial of a Rule 60(b) motion is a "final order" in a habeas context, the court cannot simply remain silent.    see **United States v. Hardin, 481 F.3d 924 (CA 6, 2007).**

16.     Ferguson, cannot appeal the Court's successive characterization without a COA, hence Rule 11(a) mandates the Court to decide whether or not to issue one in this matter.

17.     A COA is also warranted because failing to correct the illegal restitution award constitutes a manifest injustice.

Date: March 4, 2026

/s/ Bobby Ferguson
Defendant/Pro-se
18944 Bretton Drive
Detroit, MI. 48223

<u>**BRIEF IN SUPPORT OF MOTION FOR A COA**</u>

Ferguson submits this brief in support of his Motion to for a COA.  He contends that a COA should issue on whether the failure to correct the miscalculated restitution order is a **manifest injustice** where the record clearly reveals that the manner in which the restitution award was calculated is **clearly erroneous** and that appellate counsel's failure to appeal the miscalculation constitutes ineffective assistance of counsel.

**A. Relevant Facts:**

As noted above, on or about November 4, 2025, Ferguson filed a Motion for Relief from Judgment, pursuant to Rule 60(b). **see (ECF No. 720).**   Ferguson contended that the Court failed to rule on the issue of ineffective assistance of counsel ("IAC") presented in his 2255 motion regarding counsel's failure to raise on direct appeal the court's miscalculation of the **$6,284,000.00** restitution award to the Detroit Water and Sewerage Department (DWSD).  **see (ECF No. 720 @ pg. 3-7).**  Ferguson pointed to the section in his 2255 motion that factually supported that he raised the ineffective assistance of counsel claim.  **see (ECF No. 596 @ Pg. ID 17336-17338).**   When liberally construed, a fair reading of this reference presents a claim of IAC on direct appeal regarding counsel's failure to appeal the Court's miscalculation of the amount of restitution.   Moreover, on direct appeal the Sixth Circuit reversed Ferguson's codefendant's restitution award holding that this Court miscalculated that award by considering the amount of that defendant's profits as opposed to the amount of the DWSD's loss.  **Id. (citing see United States v. Kilpatrick, 798 F.3d 365, 388-91 (CA 6, 2015)).**  This is the law of the case and further demonstrates that appellate counsel provided deficient performance by not challenging the restitution calculation and that it was prejudicial because such a challenge would have changed the outcome of the case.   The Court held that Ferguson's motion was a second or successive habeas motion that **"rais[ed] a new ineffective assistance of counsel claim, [and] th[e] Court [did] not have the authority to address."  (ECF No. 721 @ Pg. 19135).**  As argued in greater detail below, the Court's holdings are refuted by the record.

4

Although the Court stated it was without authority to address the IAC issue, it still denied Ferguson's Rule 60(b) motion as untimely.   **(ECF No. 721 @ Pg. 19135).**   Ferguson timely filed a Notice of Appeal; however, the Court of Appeals held that in order for this appeal to proceed, the district court must issue a [COA] stating at least on issue for review."   **Ex. A.**

**B. Legal Arguments:**

**(i). The General Requirement: Rule 11(a):**

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court *must* issue or deny a COA when it enters a final order adverse to the applicant. Because the denial of a Rule 60(b) motion is a "final order" in a habeas context, the court cannot simply remain silent.  **see United States v. Hardin, 481 F.3d 924 (CA 6, 2007).**

**(ii). Liberal Construction for Pro-se Litigants:**

It is well-settled law in the Sixth Circuit that "a document filed pro se is to be liberally construed, and a pro se [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007) (quoting **Haines v. Kerner**, 404 U.S. 519, 520 (1972).

Although not artfully presented, the record supports that in his 2255 motion Ferguson claimed his appellate counsel was ineffective for not challenging the way the amount of his restitution was calculated.    Here is the relevant part of that argument:

Further, it has been proven that Ferguson attorneys ineffectively challenged the elements of the government case and testimony presented at trial from the results of Mr. Kilpatrick's newly assigned attorney through his post-trial hearings. Attorney Gurewitz in challenging the elements of the government case and the accuracy of trial testimonies and evidence, lead to prosecutor's conceding to the fact that the government had No " actual " Knowledge of economic" Loss" to the City of Detroit or the City's Department of Water and Sewage.

*******************

Counsel's performance fell below reasonable objective standard, when they failed to raise on direct appeal and sentencing errors. Ferguson contends that his attorneys failed to argue his sentencing guidelines in his appeal. The PSR contained language and figures that were hotly contested by defense counsel and the government. Rule 32 obligated the District Court to

confront the factual disputes and resolve them on record. Ferguson's attorneys prejudice his rights by not resolving the disputes which ultimately lead to enhancement of his sentencing guidelines from the government's fact less value of $ 9,654,533 resulting in Ferguson receiving (+20) base offense level. Ferguson attorneys objected to the base offense level, but failed to raise the issue on Appeal that the level was not supported by any factual information presented by the government at trial, which became a fact Once the government admitted, first, they're not knowing Ferguson's" Profits" on alleged revenues received or their not having an" actual Loss " to the City of Detroit or DWSD. **Prosecution has conceded to not having actual figures to what the government used to enhance the defendant's sentencing guidelines and their joint and several Restitution Judgments. (emphasis added' citation omitted)** And on 11/02/16, AUSA Michael Bullotta, confirmed Ms.Aouate statement and Six Circuit ruling, when he conceded that the government could not with sufficient precision, correlate " Actual Loss " to DWSD in this case. **( Doc # 581,ld# 171360)(See Exhibit)** Therefore, the loss figures should be eliminated and/or reduced to an appropriate number. **Any reduction granted to Defendant Kwame M. Kilpatrick should be properly granted to Defendant Bobby W Ferguson as well. (i.e. reduction in the sentencing guideline score which relates to a reduction in the amount of restitution, as Ferguson's codefendant received). (emphasis added).** Ferguson should not be punished because of the defense attorney's lack of properly raising this issue. **(ECF No. 596 @ Pg. ID 17336-17338).**

Clearly Ferguson argued that his trial and appellate counsel rendered ineffective assistance for not arguing the enhancement to his sentencing guideline score and the amount of restitution.    This conclusion is supported where Ferguson closes his IAC claim stating that "**[a]ny reduction granted to Defendant Kwame M.  Kilpatrick should be properly granted to [him too]."**    The only reduction Kilpatrick received on appeal was a reversal of the amount of restitution.   see **Kilpatrick, supra. @ 388-91.**   There is no basis for this Court to conclude that Ferguson IAC claim did not challenge the amount of restitution.

**(C). Standard of Review:**

**(i). The 6th Circuit's "Slack" Standard:**

In **Slack v. McDaniel**, 529 U.S. 473 (2000), the Supreme Court held  in order for a COA to issue on a denial of an issue on **procedural grounds** requires a showing that  jurists of reason would find it debatable whether the court was correct in its procedural ruling; **and** that the petition states a valid claim of the denial of a constitutional right.

**(ii). Jurists of Reason Would Find it Debatable Whether the Court Was Correct in its Procedural Ruling:**

A Certificate of Appealability is warranted because reasonable jurists would find the district court's procedural ruling—characterizing the Rule 60(b) motion as 'successive'—to be debatable and incorrect. The record refutes the district court's finding; the Ineffective Assistance of Appellate Counsel claim was properly presented in the original § 2255 motion. **see (ECF No. 596 @ Pg. ID 17336-17338).** Therefore, under *Gonzalez v. Crosby*, 545 U.S. 524, Ferguson's Rule 60(b) motion that points out a court's failure to reach the merits of a claim is a 'true' Rule 60(b) motion, not a successive petition.

**(iii). Timeliness:**

The Court's procedural dismissal of the Rule 60(b) Motion as untimely is also debatable amongst reasonable jurists. "Relief is warranted under **Rule 60(b)(6)** because the Court's failure to adjudicate a properly presented 6th Amendment claim constitutes an 'extraordinary circumstance. Unlike a simple 'mistake' under 60(b)(1), a total failure to rule on a ground for relief deprived Ferguson of the 'full and fair opportunity' to litigate his 2255 motion. As the Supreme Court noted in **Gonzalez v. Crosby**, 545 U.S. 524, 535 (2005), Rule 60(b)(6) is appropriate where there is a 'defect in the integrity' of the proceedings. Given that the 6th Circuit has already confirmed the illegality of the **$6,284,000.00** restitution calculation in the co-defendant's case, leaving this error uncorrected due to a procedural oversight would result in a manifest injustice.

Relief under **Rule 60(b)(6)** is warranted because this case presents 'extraordinary circumstances' that exceed mere judicial error. The District Court's failure to adjudicate a timely raised 6th Amendment claim—which resulted in a $**6,284,000.00** restitution order based on a formula already declared illegal by the Sixth Circuit in a co-defendant's case—constitutes a **fundamental miscarriage of justice** As the Sixth Circuit noted in *In re West*, courts must consider 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence

7

in the judicial process.'  **see In re West, 103 F.4th 1214 (6th Cir. 2024)**   There is no greater risk to public confidence than allowing a pro se litigant to remain burdened by a multimillion-dollar debt that the law does not authorize, simply because his original constitutional challenge was overlooked by the Court. This cumulative injustice—an unadjudicated claim plus a demonstrably illegal **$6,284,000.00** penalty—satisfies the extraordinary circumstances requirement.  **Id**

Further, Under Rule 60(c)(1), the "reasonableness" of time is a case-by-case determination. For a pro se inmate, the clock starts when you reasonably *could* have discovered the court's omission.    The 'reasonableness' of the time is measured by Ferguson's diligence and the lack of prejudice to the Government. Here, Ferguson acted with due diligence given his pro se status and limited access to legal materials. More importantly, the Government suffers no prejudice by the correction of a restitution order to reflect 'actual loss' rather than 'defendant profit.' The Government's interest is in the accurate administration of the MVRA, not the enforcement of an illegal windfall already rejected by the Sixth Circuit.

### (iv). Miscarriage of Justice:

The Sixth Circuit in **Johnson v. Bell,** expressly recognized that a Rule 60(b)(6) motion can be entertained when a sentencing error, **including a miscalculation of restitution,** produces a **"gross miscarriage of justice."**   **Id. @ 333, 337.**   In **United States v. Spence,** the Sixth Circuit held that an over-calculated restitution amount, which rendered the overall sentence longer than authorized, was a basis for a Rule  60(b)(6) motion. **Spence,  994 F.3d 130 (CA 6, 2021).**   These cases have noted that an **inflated restitution amount** can increase the total term of imprisonment (e.g., a "restortation-period" credit) or impose an impossible large **financial burden,** thereby affecting the **substantive** sentence.   In addition, the Court noted that **excessive restitution** can make **compliance** impossible, leading to **civil contempt,** additional incarceration, or **forfeiture of assets that effectively extend the punitive component of the sentence. Id.**    In **Penney v. United  States, 870 F.3d 459, 467 (CA 6, 2017)**, the Sixth Circuit emphasized that the exception to the one year limitation is **"rooted in**

8

**the integrity of the proceedings**, not in the disagreement with the judgment's merits."   For the reasons stated above, this matter constitutes a miscarriage of justice.

### B. The 2255 Motion States a Valid Claim of the Denial of a Constitutional Right:

Furthermore, the underlying constitutional claim is substantial: appellate counsel failed to challenge a **$6,284,000.00** restitution order based on 'defendant profit' rather than 'victim loss.' The 6th Circuit's reversal of the same error in the co-defendant's case proves that the issue was a 'dead-bang winner' and that counsel's failure to raise it caused a manifest injustice."

### (i).  Ineffective Assistance of Counsel (IAC) Issue:

**United States v. Weinberger, 268 F.3d 346 (6th Cir. 2001)** explicitly allows IAC claims involving restitution to be heard in a 2255 if the error is significant.  As mentioned above, Ferguson's codefendant received a reversal of his restitution award in the direct consolidated appeal.   **Kilpatrick, supra. @ 388-91.**    The Sixth Circuit's reversal of Ferguson's codefendant's restitution amount, satisfied the prejudice prong of the Strickland Standard because the Court used the same method to calculate the amount of Ferguson's restitution as it did to determine his codefendant.    In other words, the outcome of the case would have been different had appellate counsel joined the motion filed by Ferguson's codefendant's attorney,   It also reveals that Ferguson's appellate counsel rendered deficient performance as the restitution issue was a dead-bang winner.   see e.g. **Clinkscale v. Carter, 375 F.3d 430 (6th Cir. 2004)** (**discussing how counsel's failure to raise a clearly meritorious defense or appeal point constitutes a constitutional violation).**

### (i). Extraordinary Circumstances:

In Gonzalez, the Court expressly tied the "**reasonable time**" requirement to the one-year ceiling for all of the grounds listed in **Sections 60(b)(1)-(5)**.  **Gonzalez, supra. @ 528.**   Section (b)(6), has no expressed statutory ceiling, but the filing still must satisfy the "**reasonable time"**

requirement of **Section 60(c)(1)**.    Courts treat Section (b)(6) as a **"catch-all"** that permits relief **outside the one-year rule** provided the movant shows **extraordinary circumstances to excuse any delay.   see Gonzalez, supra @ 532-33; Johnson v. Bell, 605 F.3d 333, 337 (CA 6, 2010).**

## (ii). Miscarriage of Justice:

The Sixth Circuit in **Johnson v. Bell,** expressly recognized that a Rule 60(b)(6) motion can be entertained when a sentencing error, **including a miscalculation of restitution,** produces a **"gross miscarriage of justice."   Id. @ 333, 337.**   In **United States v. Spence,** the Sixth Circuit held that an over-calculated restitution amount, which rendered the overall sentence longer than authorized, was a basis for a Rule  60(b)(6) motion. **Spence,  994 F.3d 130 (CA 6, 2021).**    These cases have noted that an **inflated restitution amount** can increase the total term of imprisonment (e.g., a "restortation-period" credit) or impose an impossible large **financial burden,** thereby affecting the **substantive** sentence.   In addition, the Court noted that **excessive restitution** can make **compliance** impossible, leading to **civil contempt,** additional incarceration, or **forfeiture of assets that effectively extend the punitive component of the sentence. Id.**    In **Penney v. United  States, 870 F.3d 459, 467 (CA 6, 2017)**, the Sixth Circuit emphasized that the exception to the one year limitation is **"rooted in the integrity of the proceedings**, not in the disagreement with the judgment's merits."

There is clearly a "**miscarriage of justice**" issue in this matter.  First, there is no way to **reconcile** the fact that **Kilpatrick's restitution** calculation was held by the Sixth Circuit to be improperly calculated because the Court used Kilpatrick projected profits to determine the amount of restitution instead of actual losses to the DWSD, yet Feguson's restitution award of **$6,284,000.00** can still be deemed as correct despite the fact that the same **erroneous method of calculation** was used to determine his restitution award.

Finally, The District Court's failure to issue or deny a Certificate of Appealability (COA) at the time of its final order is a violation of the procedural mandate set forth in **Rule 11(a) of the**

**Rules Governing Section 2255 Proceedings**. This oversight has stalled the appellate process and left an unconstitutional **$6,284,000.00** restitution order uncorrected.   Ferguson has demonstrated that his Rule 60(b) motion was a "true" 60(b) motion under ***Gonzalez v. Crosby***, 545 U.S. 524, because it sought to remedy a defect in the integrity of the original proceeding: the Court's failure to adjudicate an Appellate IAC claim that was clearly presented in the initial § 2255 motion. Furthermore, given that the Sixth Circuit has already declared this specific profit-based restitution calculation illegal in the co-defendant's case, the underlying claim is a "dead-bang winner" under ***Mapes v. Coyle***, 171 F.3d 408.  Because reasonable jurists would find it debatable whether the District Court's "successive" characterization was correct, and because the motion states a substantial claim of the denial of a constitutional right, a COA must be issued to prevent a manifest injustice.

## C O N C L U S I O N

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) and Rule 11(a) of the Rules Governing Section 2255 Proceedings;

2. Acknowledge that the Rule 60(b) motion was a "true" motion under the *Gonzalez* framework and not a successive petition;

3. Vacate the prior order of dismissal and adjudicate the Ineffective Assistance of Appellate Counsel claim on the merits; and

4. Grant any other relief this Court deems just and proper in the interest of justice.

Date: February 4, 2026

/s/ Bobby Ferguson
Defendant/Pro-se
18944 Bretton Drive
Detroit, MI. 48223

11